privilege is purely one of law, which is reviewable by this court.

The trial judge, in his per curiam, which we have hereinabove quoted, states that defendant's letter speaks for itself. In analyzing the letter and determining its legal effect the document must be considered as a whole.

 Defendant's letter, in the absence of any showing of malice, is a privileged communication, and not a libel.

The utterance or publication of a privileged communication rebuts the inference of malice. Berot v. Porte, 144 La. 805, 81 So. 323, 3 A.L.R. 1651. Intrinsically, the publication under review is not malicious. There is no indication from the tone and style of the letter that defendant, in writing it, was actuated by hatred, ill will, and a wanton desire to injure the prosecutrix.

Defendant's letter was a private communication from a father to the custodian of his minor daughter. The letter was not circulated and published generally. Both defendant, as the father, and the recipient, as the custodian, had an interest in the subject matter. The language of the letter indicates that it was prompted solely by the defendant's solicitude for the welfare of his little daughter, to whom he owed a legal and moral duty. It also indicates that defendant thought the occasion called for his protest and admonition to the person to whom he had temporarily intrusted the custody of his daughter, who likewise owed a legal and moral duty to the child who had been placed in her care.

The trial judge, in his per curiam, shows that the statement concerning the prosecutrix was untrue, but he does not show that defendant knew that it was untrue, and, so knowing, acted with a wanton desire to injure her. On the contrary, the letter indicates that defendant honestly thought the statement was true and that he acted from an honest motive and for a justifiable purpose.

In the absence of a showing of express malice, defendant's communication, without regard to its truth or falsity, was qualifiedly privileged, and his prosecution therefor cannot be sustained. Baysset v. Hire, 49 La.Ann. 904, 22 So. 44, 62 Am.St.Rep. 675.

For the reasons assigned, the conviction and sentence of the relator, Stark E. Lambert, are annulled, and relator is ordered discharged.

## WEISS v. MAYFIELD.

### No. 16764.

Court of Appeal of Louisiana. Orleans.

Feb. 7, 1938.

Fred G. Veith, of New Orleans, for appellant.

Baldwin, Haspel & Molony, of New Orleans (Robert R. Rainold, of New Orleans, of counsel), for appellee.

JANVIER, Judge.

Arthur Weiss, doing business at the Hollywood Shop, obtained in the First city court of New Orleans judgment against Mercedes L. Mayfield for $146.74, representing the purchase price of various articles sold and delivered on open account.

512

This judgment was obtained by default, after domiciliary service. Defendant has appealed and maintains that there is not in the record sufficient ·evidence to justify the judgment. Plaintiff and appellee has answered the appeal, asking that the judgment be amended by the allowance of 10 per cent. as damages for frivolous appeal.

Attached to and made part of the petition, which is duly verified by affidavit of plaintiff, is an itemized statement of the account sued on. Counsel for appellant concedes that "there is a rule in certain suits on open accounts" to the effect that all that is necessary, in the absence of countervailing proof, is that the correctness of the open account be shown by affidavit. But he contends that this rule has application only to suits in which the amount involved is less than $100, and he maintains that, where the suit, even though in the First city court, involves more than $100, and therefore might have been filed in the civil district court, there must be proof in addition to the affidavit.

Article 312 of the Code of Practice makes no distinction between suits in the district courts and those in the city or justice of the peace courts. While it is true that that article states that "proof is required in all cases," it contains the proviso that, "when the demand is for a sum due on an open account, then an affidavit of correctness thereof, before any competent officer, shall be prima facie proof." Prima facie proof, in the absence of any other contradictory evidence, is sufficient to justify a judgment. This is so plain that we can reach no other conclusion than that there was no justification for the appeal. Allowance of damages for the taking of a frivolous appeal is authorized whether the suit arises in the First city court or in the district court, article 907 of the Code of Practice having general reference to all appeals in which the appellate court feels that there was no substantial basis for the taking of the appeal, and article 1138 permitting the allowance of damages where the appeal is taken from a judgment rendered by a "justice of the peace."

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by the allowance to plaintiff-appellee of 10 per cent. as damages, and that, as thus amended, the judgment be and it is affirmed at the cost of appellant.

Amended and affirmed.