FOURNET, Justice.
 

 The J. D. Adams Company, Inc., alleging that it sold certain road machinery and equipment to the Parish of Jackson, seeks to recover from the parish the sum of $1,-670.98, with 5% interest from the date of judicial demand, on an open account, and also two notes in the amount of $353.50 each, with interest at 6% from January 1, 1931, until paid.
 

 The defense is that the alleged purchases were not authorized by ordinances of the police jury, as required by law, and, in the alternative, that if such ordinances were passed, there was not provided in them, any means by which the amounts involved were to be paid, in contravention of Section 2448 of the Revised Statutes (Section 6662 of, Dart’s General Statutes). From a judgment of the lower court dismissing the plaintiff’s suit, it has appealed.
 

 When plaintiff sought to prove the allegations of its petition, the defendant objected to all of the testimony until the contract for the purchase of the equipment and the ordinances authorizing the same were produced. The plaintiff then offered evidence^ to show that because of the destruction of the Jackson Parish courthouse by an explosion, the only official record with respect to these purchases that could be found in the archives of the police jury were extracts from the minute book, one extract dated
 
 *137
 
 January 19, 1938, and the other dated July 13, 1931, showing the adoption of resolutions authorizing the purchase pof certain road machinery and equipment for use in certain wards of the parish and providing for the payment of the same from the funds set aside for the respective wards. Three members of the police jury who were serving at the time these transactions were alleged to have taken place testified, in effect, that the purchases were made from the plaintiff in accordance with resolutions properly adopted, and that provisions were made in the resolutions for the payment of the equipment so purchased.
 

 The only testimony offered to the contrary was that of the secretary-treasurer of the police jury, and his predecessor in that office, the latter having been the secretary-treasurer at the time the transactions were alleged to have taken place. The former secretary-treasurer did testify that so far as he knew the records of the police jury were recovered intact from the fire and that by proper search all of the transactions with respect to the alleged purchases could be found. The present secretary-treasurer of the police jury, who had the records in charge at the time 'of the suit, testified to the contrary. The remainder of the former official’s testimony is to the effect that the proceedings with respect to these transactions were irregular. Under these circumstances we conclude that the plaintiff has established its claim by a fair preponderance of the evidence.
 

 Moreover, this court, in the recent case of Burk v. Livingston Parish School Board, 190 La. 504, 182 So. 656, 657, rely ing on the equitable maxim of our Revised Civil Code that “no one ought to enrich himself at the expense of another” (Article 1965), and the jurisprudence thereunder, specifically held that “Even if the statute relied upon by defendant School Board [Section 3 of Act No. 73 of 1926, as amended by Act No. 20 of the Fourth Extra Session of 1935, relative to contracts made by police juries, school boards, and other public bodies] required a written contract, the fact that the work was done, the contract completed and executed, and part of the price paid” served to estop the governmental body from raising the question that there was neither a resolution, an ordinance, or written contract authorizing such work. (Brackets ours.)
 

 And in the case of Turfitt v. Police Jury of Tangipahoa Parish, 191 La. 635, 636, 186 So. 52, this court affirmed its view as expressed in the Burk case and held, as stated in the syllabus, that “A police jury incurring indebtedness for courthouse square paving and receiving benefits of the paving, 'which was completed and accepted, was estopped from avoiding liability for unpaid balance of indebtedness on ground that resolution authorizing indebtedness did not provide for payment .thereof.”
 

 Counsel for defendant argue, however, that the police jury is prohibited from ordering payment of debts out of parish alimony for later years, under the provisions of Act No. 30 of the Extra Session of the year 1877, as amended by Act No. 32 of 1902, and Act No. 128 of 1910.
 

 A mere reading of the act relied on by defendant’s counsel will show that it d&es.
 
 *138
 
 not support counsel’s contention, for it specifically provides: “That the revenues of the several parishes and municipal corporations of this State, of each year, shall be dedicated as follows:
 
 First,
 
 all statutory charges shall be paid from the respective funds upon which they are imposed;
 
 second,
 
 all charges for services rendered annually under time contracts;
 
 third,
 
 all necessary usual charges provided for by ordinance or resolution.
 
 Any excess of revenue above statutory, necessary and usual charges may be applied to the payments of amomnts due and unpaid out of the revenues of former years."
 
 Section 2, as amended. (Italics ours.)
 

 It is inconceivable to us that the Parish of Jackson could, in good conscience, receive and use the road equipment purchased from the plaintiff for the benefit and advantage of the parish, and then be permitted to avoid the payment of the obligation. We must conclude, therefore, that the trial judge erred in dismissing the plaintiff’s suit and his judgment, in that respect, will have to be reversed.
 

 From the record it appears that the plaintiff is claiming the Parish of Jackson is indebted to it, in addition to the two notes, on two open accounts, one in the amount of $1,462.49, the other in the amount of $208.49. We find no itemized statement or testimony in the record with respect to the $208.49 item.
 

 For the reasons assigned, the judgment appealed from is reversed, and it is hereby ordered, adjudged, and decreed, that there be judgment in favor of the plaintiff, the J. D. Adams Company, Inc., and against the defendant, the Parish of Jackson, in the sum of $1,462.49, with interest at the rate of 5% per annum from the date of judicial demand, and in the additional sum of $707, with interest at the rate of 6% per annum from January 1, 1931, until paid.
 

 It is further ordered that plaintiff’s claim for the sum of $208.49 be non-suited. All costs' of this suit are to be paid by the defendant.