616 So.2d 1254 (1993)
SESSIONS & FISHMAN
v.
LIQUID AIR CORPORATION.
No. 92-C-2773.
Supreme Court of Louisiana.
April 12, 1993.
*1255 D. Michael Dendy, Gretna, Patrick J. Heneghan, Schopf & Weiss, Chicago, IL, for applicant.
John W. Hite, III, Sessions & Fishman, Marcia S. Montero, New Orleans, for respondent.
KIMBALL, Justice[*].
This case presents the issue of what constitutes sufficient proof to confirm a default judgment taken without a hearing in a suit on open account under LSA-C.C.P. art. 1702.1.

FACTS
On February 19, 1991, the law firm of Sessions & Fishman filed suit against a former client, Liquid Air Corporation. The petition alleged that the law firm defended Liquid Air in three lawsuits previously pending in the United States District Court for the Eastern District of Louisiana. According to the petition, the suits were compromised and settled in the summer and fall of 1990. Thereafter, Sessions & Fishman sent three invoices to Liquid Air, one for each suit, in the amounts of $53,570.29, $1,020.60, and $1,479.00. All three invoices were dated September 19, 1990 and totalled $56,069.89. The petition asserted that, aside from a payment in January 1991 of $8,472.99 for itemized out-of-pocket costs, Liquid Air did not pay these invoices despite repeated amicable demand.
The petition alleged that on January 14, 1991, Curtis R. Boisfontaine, one of the partners of Sessions & Fishman, transmitted a written demand for payment to Liquid Air for the balance due of $47,596.90, pursuant to LSA-R.S. 9:2781. The petition asserted that Liquid Air did not respond to this demand letter. The petition concluded that Liquid Air's non-payment of this balance due, after receipt of the statutory demand letter, constituted non-payment without just cause, entitling the law firm to the balance of the account, interest, attorney fees, and costs.
Liquid Air was personally served with Sessions & Fishman's petition on February 25, 1991, but did not file an answer. Sessions & Fishman obtained a preliminary default on March 13, 1991. On March 18, *1256 1991, Sessions & Fishman moved to confirm the preliminary default, certifying that Liquid Air had been personally served; that Liquid Air had failed to file an answer or make any other appearance in the record; that a preliminary default had been taken against Liquid Air; that Sessions & Fishman had attached an affidavit of non-military service; and that Sessions & Fishman had attached the affidavit of Harvey L. Strayhan, which affidavit contained sufficient facts to establish a prima facie case in a suit on an open account under LSA-C.C.P. art. 1702(B)(1).[1] Attorney fees of 25% of the principal demand were requested pursuant to LSA-R.S. 9:2781. Sessions & Fishman also requested that a judgment be obtained without a hearing in open court, citing LSA-C.C.P. art. 1702(B).[2]
The Strayhan affidavit attested that Strayhan is a partner in the law firm and, in that capacity, had personal knowledge of the facts and allegations in the petition. The affidavit then repeated the allegations asserted in the petition: 1) Liquid Air was well and truly indebted to Sessions & Fishman for legal fees in the sum of $47,596.90; 2) Liquid Air was named as a defendant in three lawsuits previously pending in the United States District Court for the Eastern District of Louisiana; 3) Liquid Air retained Sessions & Fishman's services for the defense of these three lawsuits; 4) Liquid Air was periodically billed for the services and costs incurred by Sessions & Fishman in defending the three suits; 5) the lawsuits were compromised and settled in the summer and fall of 1990; 6) Sessions & Fishman performed all necessary legal work on Liquid Air's behalf "in a good and professional manner as was necessary and appropriate under the circumstances of the litigation;" 7) Sessions & Fishman sent three invoices to Liquid Air, all dated September 19, 1990, for $53,570.29, $41,020.60, and $1,479.00, totalling $56,069.89; 8) Liquid Air did not pay these invoices despite repeated requests for payment except for the January 1991 payment of $8,472.99 for the itemized out-of-pocket costs; and 9) the balance due on Liquid Air's account was $47,596.90. Neither a statement of the account nor invoices were attached to Strayhan's affidavit.
Based on this proof, the trial court confirmed the default on March 18, 1991. The written judgment sets forth that the plaintiff produced "due proof in support of plaintiff's demands" and that the court "consider[ed] the law and the evidence to be in favor of the plaintiff, for the reasons orally assigned."[3] The judgment awarded Sessions & Fishman $47,596.90, with legal interest from the date of judicial demand, attorney fees of 25% of the principal demand, and all costs.
Liquid Air took a suspensive appeal from this judgment, claiming that the trial court erred in rendering the default judgment because Sessions & Fishman did not prove a prima facie case under LSA-C.C.P. art. 1702(B)(3) or meet the certification requirements of LSA-C.C.P. art. 1702.1. Liquid Air also contended that the trial court erred in awarding attorney fees that were excessive and which did not meet the proper certification requirements.
In a 2-1 decision, the court of appeal affirmed the trial court judgment awarding Sessions & Fishman the balance due on the open account, with interest and costs, finding that the law firm presented sufficient proof of its demand.[4] The court of appeal vacated the portion of the judgment which awarded attorney fees, finding both that the trial court failed to consider the appropriate factors in determining the amount of the award and that Sessions & Fishman failed to attach the return receipt of the demand letter as required by Article *1257 1702.1. The case was remanded to the trial court for a determination of reasonable attorney fees. After the court of appeal denied rehearing, this court granted a writ of review to determine what constitutes sufficient proof to confirm a default judgment without a hearing in a suit on an open account.[5]

LAW
The law and procedures relative to the taking of default judgments in suits on open account without a hearing are set forth in LSA-C.C.P. arts. 1701, 1702, and 1702.1. At the time suit was filed, these articles provided, in pertinent part:
Art. 1701. Judgment by default
A. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.
Art. 1702. Confirmation of default judgment
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.[6]
* * * * * *
B. (3) When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
C. In those proceedings in which the sum due is on an open account ... a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court.
Art. 1702.1. Confirmation of default judgment without hearing in open court; required information; certifications
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include, in an itemized form with the motion and judgment, a certification that the suit is on an open account ... and that the necessary invoices and affidavit... are attached. If attorney fees are sought under R.S. 9:2781 or 2782, the attorney shall certify that fact and that a copy of the demand letter and the return receipt showing the date received by the debtor are attached and that the number of days required by R.S. 9:2781(A) or 2782(A), respectively, have elapsed before suit was filed.
B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed.
*1258 In interpreting these articles, the court is guided by the provisions of the Civil Code which direct that "when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." LSA-C.C. art. 9. However, "when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." LSA-C.C. art. 10. In addition, "[l]aws on the same subject matter must be interpreted in reference to each other." LSA-C.C. art. 13.
Sessions & Fishman argues that by the explicit language of Article 1702(B)(3), an affidavit of correctness, standing alone, constitutes prima facie proof sufficient to confirm a default judgment in a suit on an open account. Thus, the law firm argues that an affidavit of correctness, by itself, constitutes the proof "required by law" to confirm a default judgment without a hearing under Article 1702.1. Although this argument employs a literal reading of Article 1702(B)(3), the argument ignores the jurisprudential interpretation of prima facie proof of a default judgment in a suit on an open account and leads to the absurd consequence that a confirmation of a default judgment taken without a hearing may require less proof than a confirmation of a default judgment obtained after a hearing. Clearly, the legislature did not intend this result. Thus, this court must interpret the article so that it best conforms to the purpose of the law.
In order for a plaintiff to obtain a default judgment, "he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant." Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989); Blue Bonnet Creamery, Inc. v. Simon, 243 La. 683, 146 So.2d 162, 166 (1962). "In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits." Thibodeaux, 538 So.2d at 1004. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972); see also Massey v. Consumer's Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789, 790 (1953).
In setting forth the proof required to confirm a default when the demand is for a sum due on an open account, the legislature provided that prima facie proof is shown by an affidavit of the correctness thereof. LSA-C.C.P. art. 1702(B)(3). "Thereof" simply means "of it."[7] In this context, the affidavit of correctness refers to the validity of the account, i.e. the "correctness" of the sum due. This provision does away with the necessity of taking testimony in order to establish the validity of the account. The existence of the claim, however, is supported by a statement of the account or invoices. Thus, in order to establish both the existence and the validity of a demand for a sum due on an open account, it is necessary for a plaintiff to present evidence of the account itself and an affidavit, or testimony, attesting to its correctness.
This interpretation is strengthened by the fact that courts have so interpreted this article since its inception and throughout its legislative history. LSA-C.C.P. art. 1702 has as its source Article 312 of the Code of Practice of 1870, which provided:
If, two days after this first judgment [preliminary default] has been rendered, the defendant neither appear nor file his answer, definite judgment will then be given for the plaintiff, provided he prove his demand. This proof is required in all cases.
Acts 1890, No. 31 amended the last sentence to read: "This proof is required in all cases, and when the demand is for a sum *1259 due on an open account, then an affidavit of correctness thereof, before any competent officer, shall be prima facie proof."
In 1960, the legislature enacted a comprehensive revision of the Code of Practice, subsequently called the Code of Civil Procedure. See Acts 1960, No. 15. The provisions of Article 312 were reenacted as LSA-C.C.P. art. 1702 and provided:
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
When the demand is for a sum due on an open account, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a negotiable instrument, no proof of any signature thereon shall be required.
In 1968, the legislature rewrote the second paragraph to include that an "affidavit of the correctness thereof" constituted prima facie proof of promissory notes and negotiable instruments. Other amendments have been made which do not affect the decision here.
Under these various forms of the article, Louisiana courts have consistently interpreted the proof required to confirm a default judgment when the sum was due on an open account as requiring a statement of the account or invoices and an affidavit certifying the correctness thereof. Even where the courts merely recite from the provisions of Article 312 of the Code of Practice, or later Article 1702 of the Code of Civil Procedure, that "an affidavit of correctness shall be prima facie proof," a review of the cases reveals a statement of account or invoice in each evidencing the basis of the demand. See e.g., Weiss v. Mayfield, 178 So. 511, 512 (Ct.App. Orleans, 1938); Goldberg v. Borenstein, 59 So.2d 172, 173-74 (Ct.App. Orleans 1952); Merchants Adjustment Bureau v. Malta, 102 So.2d 781, 782-83 (La.App. 2d Cir.1958); King v. Calhoun, 107 So.2d 535, 536 (La.App. 2d Cir.1958); Colonial Products Co. v. Park Place Homes, Inc., 282 So.2d 574, 575 (La.App. 4th Cir.1973); Roberts v. Paciera, 411 So.2d 650, 651 (La.App. 4th Cir.1982); Lafitte Sash & Door Co. v. Robert Bros. Homes, Inc., 411 So.2d 1120, 1121-22 (La.App. 4th Cir.1982).
Some cases are more explicit as to the proof necessary to confirm a default judgment on an open account. See J.D. Adams Co. v. Jackson Parish Police Jury, 199 La. 270, 5 So.2d 892, 893 (1942) (judgment nonsuited where there was no statement of account or testimony in the record respecting one of the accounts); Meyer v. Esteb, 75 So.2d 421, 426 (La.App. 1st Cir.1954) (proof necessary to sustain a default judgment is statement and affidavit)[8]; Merchants Adjustment Bureau v. Chriss, 106 So.2d 797, 799-800 (La.App. 2d Cir.1958) (statement of account, citation of service, and notarized assignment to the plaintiff, which attested to the correctness of the account constituted sufficient proof); Sobel v. R & D Distributors, Inc., 131 So.2d 570, 571 (La.App. 4th Cir.1961) ("proof required... is an itemized statement of the account, duly attested"); Sears, Roebuck & Co. v. Callaway, 139 So.2d 86, 88 (La.App. 4th Cir.1962) (offer of an itemized and attested account is sufficient proof); American District Telegraph Co. v. Rault, 378 So.2d 194, 195 (La.App. 4th Cir.1979) ("prima facie proof ... consists of the account itself, verified by a competent witness's affidavit (or testimony) of its correctness"); Buddy Patterson Gateway Gulf Service v. Howell, 392 So.2d 140, 141-42 (La.App. 1st Cir.1980)[9] (itemized account must be introduced to establish the prima facie case) ("although the statute does not explicitly state that the plaintiff must produce the itemized account, the language of the statute implies that the account must be submitted... it would be meaningless to have an affidavit attesting to the correctness of an account if the account itself was not *1260 available for examination ... it is well established that the itemized statement of the account and the affidavit of correctness, are the basic requisites to obtain a default judgment in a suit on an open account") (emphasis in original); and Jim McCary, Inc. v. Price, 391 So.2d 921, 923 (La.App. 2d Cir.1980) (prima facie proof must contain an itemized statement of account).
In 1984, the legislature enacted LSA-C.C.P. art. 1702.1, providing a procedure whereby a plaintiff could confirm a default judgment without a hearing, provided that certain mandatory certifications and proof were present. See Acts 1984, No. 507, § 1.[10] The article provides that "along with any proof required by law," the plaintiff or his attorney must include an itemized certification with the motion to confirm the default and the copy of the proposed final judgment (emphasis supplied). The plaintiff's or attorney's certification must indicate the following:
1. the suit is one on an open account,
2. the necessary invoices and affidavit of correctness are attached,
3. the type of service made on the defendant,
4. the date this service was made, and
5. the date a preliminary default was entered.
If attorney fees are sought under R.S. 9:2781, then the certification must also show:
1. that attorney fees are sought under R.S. 9:2781,
2. a copy of the demand letter and return receipt showing the date received by the debtor are attached, and
3. that the number of days required by R.S. 9:2781(A) have elapsed before suit was filed.
The plaintiff or attorney must also include a certification by the clerk indicating that the clerk examined the record, including the date that such examination was made, and a statement by the clerk that no answer or other opposition has been filed. See LSA-C.C.P. art 1702.1. No change in the law or the proof required to confirm a default was intended by the enactment of this article. The enactment of the article merely provided an additional procedure by which plaintiffs or their attorneys could confirm a default judgment in suits on open account (or where the demand is based on a conventional obligation after the 1987 amendment).
Cases decided under the new article have recognized that its enactment did not change the prima facie proof required to confirm a default judgment. See American Tempering, Inc. v. Crasto Glass and Mirror Co., Inc., 487 So.2d 116, 117 (La.App. 4th Cir.1986) (although the invoice evidencing the debt was attached to the affidavit of correctness [thus providing sufficient proof under art. 1702], the plaintiff failed to comply with the other mandatory requirements of art. 1702.1); Roll-Lite Overhead Doors v. Clover Contractors, Inc., 527 So.2d 500, 503 (La.App. 5th Cir.), writ denied, 532 So.2d 115 (La.1988) (prima facie proof must include both the business record of the account and an affidavit or testimony verifying the correctness thereof);[11]Gulf States Asphalt Co. v. Baton Rouge Services, Inc., 572 So.2d 148, 149 (La.App. 1st Cir.1990) (prima facie proof of an open account must include both the business record of the account and an affidavit or testimony verifying the correctness *1261 thereof); and John Guidry Construction Co. v. Rivertown Properties, Inc., 517 So.2d 853 (La.App. 3d Cir.1987) (where affidavit of correctness was attached to the petition[12] and there was no statement of account or invoices offered in evidence, court found plaintiff had not followed the mandated procedures of Article 1702.1 in several respects). See also Concept 29 Uniform Service v. Roe, 542 So.2d 609 (La.App. 4th Cir.1989) (although Article 1702.1 not directly involved, court held an itemized statement is essential to establishing a prima facie case and that affidavit attesting to correctness of the account is meaningless without the account itself).
The cases relied on by Sessions & Fishman for the proposition that the affidavit, standing alone, constitutes sufficient proof under Article 1702(B)(3) and Article 1702.1 are far from clear as to that point. In Eddie's Hardware, Inc. v. Rago, 320 So.2d 276 (La.App. 4th Cir.1976) the court of appeal did not have to reach the issue of whether an affidavit standing alone constituted sufficient proof because the affidavit of the correctness of the account did not mention the person named as defendant in the suit. The court of appeal stated "neither does the affidavit nor any other evidence provide any basis for holding [the individual defendant] responsible for the debts of [a company]." In DePaul Hospital v. Celestin, 463 So.2d 694 (La.App. 4th Cir.1985), a statement of account was attached to the petition. The reported opinion does not state whether the petition or the statement of account was offered in evidence. Similarly, in Jackson Parish Bank v. Durbin, 535 So.2d 1074 (La.App. 2d Cir.1988), there is no indication whether the promissory note that was the basis of the claim was entered in evidence.[13] If the statement of account in DePaul Hospital and the promissory note in Jackson Parish Bank were offered in evidence, then these opinions would be in line with other court decisions which hold the plaintiffs' proof supports a judgment of default.
A different panel of the fourth circuit court of appeal from the one which decided DePaul Hospital made this fact explicit in Iberoamericano Advertising and Pub. Co. v. Schweikert, 464 So.2d 899 (La.App. 4th Cir.1985). The panel held that the proof necessary "consists of the account itself, verified by a competent witness's affidavit (or testimony) of its correctness." Id., 464 So.2d at 901. The panel noted Article 1702 "permits an affidavit of correctness to establish prima facie proof of the accuracy of an account" and that the affidavit "is not permitted to stand alone but accompanies evidence of the account." Id. In this reported opinion, as well, there is no indication that the statement of account attached to the petition (seven trade agreements) was offered in evidence. Considering the explicit language cited, however, it seems more correct to assume that the statement of account was offered in evidence than that it was not. To the extent that these cases may be interpreted as argued by Sessions & Fishman, that an affidavit of correctness standing alone constitutes proof sufficient to confirm a default judgment under Article 1702(B)(3) or Article 1702.1, they are in conflict with the accepted interpretation of proof and cannot be relied upon.

CONCLUSION
It is clear that the legislature did not intend to change the prima facie proof necessary to confirm a default judgment when it provided a procedure to authorize its obtainment without a hearing. The jurisprudential interpretation of the prima facie proof sufficient to support a judgment of default in a suit on an open account, consisting of a statement of the account or invoice and an affidavit attesting to the correctness thereof, remains unchanged.
Sessions & Fishman failed to provide sufficient proof to support a default judgment under both Articles 1702(B)(3) and 1702.1 by its failure to offer in evidence the necessary *1262 statement of account or invoices to prove the existence of the basis of its demand.[14] The default judgment rendered in favor of Sessions & Fishman must be set aside and the case remanded for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.
NOTES
[*] Justice ORTIQUE recused.
[1] The law firm incorrectly designated its proof as sufficient under LSA-C.C.P. art. 1702(B)(1), which sets forth the proof necessary when a demand is based on a conventional obligation. The correct reference for proof when the demand is for a sum due on an open account is LSA-C.C.P. art. 1702(B)(3).
[2] The provisions authorizing a default judgment to be obtained without a hearing are found at LSA-C.C.P. arts. 1702(C) and 1702.1.
[3] The record contains no oral or written reasons for judgment.
[4] 603 So.2d 232 (La.App. 4th Cir.1992).
[5] 609 So.2d 214 (La.1992).
[6] Article 1702(B)(1) sets out the proof sufficient to prove a prima facie case when the demand is based upon a conventional obligation. Article 1702(B)(2) sets out the proof sufficient to prove a prima facie case when the demand is based upon a delictual obligation.
[7] Webster's Third New International Dictionary (unabridged) (1966).
[8] On rehearing, the court of appeal reversed its initial holding for reasons not at issue here.
[9] This suit was brought in Hammond City Court under the provisions of LSA-C.C.P. art. 4916, which governs default judgments in city courts.
[10] A 1987 amendment added that the confirmation of a default judgment on a conventional obligation could be obtained without a hearing and declared that the provisions of the act were remedial, applying retroactively to any default judgment confirmed prior to September 1, 1987.
[11] Attachment of the statement of account, invoices, or affidavit to the petition is not sufficient to satisfy the requirements of LSA-C.C.P. arts. 1702(B)(3) or 1702.1. The statement of account or invoices, and the affidavit attesting to the correctness of the account, must be offered in evidence either at a hearing under the provisions of Article 1702(C) or with the proper certifications under Article 1702.1. If only attached to the petition, the statement of account or invoices and affidavit merely form a part of the record and cannot be considered competent evidence to support a judgment until offered as such. See Roll-Lite Overhead Doors, 527 So.2d at 503.
[12] See supra n. 11.
[13] In brief to this court, counsel for Liquid Air asserts that he contacted the clerk of court and learned that the promissory note was attached to the petition in Jackson Parish Bank. The reported opinion failed to state this fact, as well.
[14] Due to this finding, we do not consider Liquid Air's argument that the Strayhan affidavit was insufficient as not based on personal knowledge. But see Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981) and Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978) (requirements of personal knowledge for affidavits used to support motions for summary judgment).