| THIBODEAUX; Judge.
In this personal injury case, defendant, Allison Thomas, appeals the judgment of the trial court which awarded the plaintiff, Kevin Mouton, $13,122.06 in past' medical expenses, $5,070.00 in future medical expenses, and $35,000.00 in general damages for injuries he sustained to the head and face after a patron of the nightclub struck him with a broken bottle. Final judgment was rendered pursuant to a confirmation of default based on Thomas’ failure to answer Mouton’s petition in a timely manner. The trial court found that Thomas, as a business owner, failed to protect patrons of his establishment from reasonably foreseeable criminal acts of third parties.
We disagree. Evidence was not sufficient to support a finding that Thomas owed a duty to Mouton to protect him from the criminal misconduct of a third party. For the following reasons, we find that the plaintiff did not make a prima facie showing of defendant’s liability based on Mouton’s failure to prove Thomas’ ownership of the club. As a result, the trial court committed error in confirming the preliminary default.
I.

ISSUE

We shall consider whether, under the present circumstances of this proceeding, Mouton may hold Thomas liable, as the owner of the nightclub, for injuries he sustained at the hands of a third-party patron, Robert Boxie.
JaP-

FACTS AND PROCEDURAL HISTORY

On October 22, 2000, Kevin Mouton was struck in the face and head with a broken bottle by Robert Boxie at Big Al’s Hideaway Club in Carenero, Louisiana. Mouton *598 was shooting pool at the nightclub with his brother-in-law, Marlon Roy, and Roy’s cousin from Atlanta. Prior to the incident, Boxie and Roy’s cousin had an argument. The cousin called Roy over, and Mouton followed. Mouton attempted to stop the argument. Believing that the argument had ceased, Mouton separated from the others. Mouton then felt a tap on his shoulder. When he turned around, Boxie hit Mouton across the face with a bottle.
As a result of the injury, Mouton was transported to Lafayette General Medical Center by ambulance. Mouton had to undergo several hours of plastic surgery to repair cuts in and about his face as well as a severely split upper and lower lip. After surgery, Mouton was informed by his physician to expect permanent scarring and disfigurement from the injury.
On May 11, 2001, Mouton filed a petition for damages against Thomas, individually and d/b/a Big Al’s Hideaway Club, and Boxie[1] for his personal injuries. Mouton alleged in his petition that Thomas owed a duty to him as a customer and/or invitee of the nightclub to exercise reasonable care in maintaining a safe environment free from reasonably foreseeable criminal acts of third parties. On June 26, 2001, Mouton moved for a preliminary default based on Thomas’ and Boxie’s failure to respond to his pleading. Preliminary default was entered against both defendants on June 27, 2001. The default judgment was confirmed and entered as final judgment Lsolely against Thomas, and Mouton was awarded $53,192.06 plus legal interest and costs on August 29, 2001.
In response to the final judgment, Thomas filed an answer denying all allegations in Mouton’s petition on September 10, 2001. On that same day, Thomas also filed a motion for new trial. According to Thomas, he failed to respond to the petition because he was waiting for a response from his insurance company concerning the claim to establish a defense. He asserted that he was not aware that adverse proceedings would take place before he received correspondence from his insurance company. On December 18, 2001, Thomas’ motion for new trial was denied. Thomas now appeals the judgment of the trial court in favor of Mouton.
III.

STANDARD OF REVIEW

The standard of review in this personal injury case is manifest error. “Whether a defendant has breached a duty [of reasonable care to patrons of his nightclub] is a question of fact.” Pinsonneault v. Merchants Bank & Trust Co., 01-2217, p. 11 (La.4/3/02); 816 So.2d 270, 278-79 (La.2002). The manifest error-clearly erroneous standard of review is as follows:
Factual determinations of the trier of fact may not be reversed absent manifest error or unless they are clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In order to reverse a trial court’s determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the factfinder is clearly wrong or manifestly erroneous. ■ Stobart v. State, Department of Trans *599 portation and Development, 617 So.2d 880, 882 (La.1993).
Id. at 278.
|4Based on this standard and after a proper review of the record, we conclude that the trial court’s decision was clearly erroneous and that findings do not support a judgment in favor of the plaintiff.
IV.

LAW AND DISCUSSION

In defendant’s only assignment of error, Thomas argues that the trial court failed to meet the legal standard required to hold him liable for intentional injuries to the plaintiff by a third-party patron. We agree.
Mouton charged that Thomas had a duty to protect his customers from reasonably foreseeable criminal acts of third parties. As a result, Mouton relied on the following general rule to support his argument.
In general, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of npt exposing such persons to unreasonable risks of injury or harm. A business establishment is under a duty to take reasonable care for the safety of its patrons, but is not the insurer of their safety. This duty does not extend to unforeseeable or unanticipated criminal acts by independent third persons. When a duty to protect others against criminal misconduct has been assumed, liability may be created by a negligent breach of that duty.
(Citations omitted). Peterson v. Gibraltar Sav. and Loan, 98-1601, p. 6 (La.5/18/99); 733 So.2d 1198, 1204, writ denied, 01-0222 (La.4/12/01); 789 So.2d 590.
In order to establish such a duty, Mouton must prove that Thomas is the owner of Big Al’s Hideaway Club and as owner, he owes him a duty. After a review of the record, we find that the plaintiff overlooked this essential element in the causal chain by directing his argument to Thomas’ liability before establishing that he was indeed the owner.
|fiThe' record reveals few, if any, facts that support Mouton’s grounds for legal fault against Thomas. The only reference to Thomas in Mouton’s testimony is derived from a series of questions posed to the plaintiff, which ultimately elicits hearsay responses. This testimony is as follows:
Q. Mr. Mouton, it’s my understanding that you spoke with Chief of Police Timmy Duhon with Carenero after the incident?
A. Yes.
Q. And he told you what he discovered was that Mr. Thomas, the owner of the bar, had hired off duty Carenero police officers to patrol the exterior of the bar only; correct?
A. Yes.
Q. And that they had knowledge that there were problems that night and prior nights with fights.
A. Yes.' '
Q. And that he waited too late to call the police for assistance inside?
A. Yes.
Q. And that there were problems ongoing all night and he did not call the police until you had been injured; is ■ that correct?
A. That’s correct.
The record does not indicate that Chief Duhon was called to testify in open court or through deposition concerning Thomas’ ownership of the nightclub and past problems that had taken place on its premises. *600 Even though there is a reference in the record that Duhon would be available to testify, this testimony cannot be found. Thus, Mouton relied on Duhon’s out-of-court statements, which are hearsay, to establish the business relationship between Thomas and Big Al’s Hideaway Club. JjjOutside of the above statements, there is no other evidence in the record that proves Thomas’ ownership of the nightclub, let alone that he owed Mouton a duty.
In Rachou v. Cornerstone Village Inc., 02-42, p. 2 (La.App. 3 Cir. 6/5/02); 819 So.2d 473, 475, this court addressed the issue of whether “evidence relied on by the plaintiffs to establish [a] prima facie case of negligence [against a nursing home] was ... competent or admissible [to confirm a default judgment.]” In this case, we found that hearsay evidence was not admissible to confirm a default judgment.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La.Code Civ.P. art. 1702(A). In order for a plaintiff to obtain a default judgment, “he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant.” “In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits.” A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. “There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise.” Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La. 1993). (Emphasis added). (Citations omitted).
Id. at 475.
In Rachou, this court determined that the evidence used by the plaintiffs “to put on a prima facie case of negligence ... was entirely hearsay.” Id. at 476. According to the court, “[h]earsay evidence does not sustain the burden of proving a prima facie case when attempting to confirm a default judgment.” (Emphasis added). (Citations omitted). Id. As a result, we concluded that the trial court erred in confirming the default judgment.
|7In the present case, we find that Mouton also relied on hearsay evidence to establish a prima facie case of negligence against Thomas. As stated earlier, Duhon was not called to testify before the trial court nor was he deposed in this case. Since hearsay statements under La.Code Evid. art. 802 are generally inadmissible and cannot be offered as competent evidence to support the confirmation of a default judgment under La.Code Civ.P. art. 1701-1702, Mouton has failed to prove that Thomas was the owner of the nightclub and owed him a duty. Since this critical element was not established, it is unnecessary for this court to address the issue of liability.
V.

CONCLUSION

We find that the trial court committed error in entering judgment for the plaintiff consistent with the confirmation of default judgment. For the above reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings. All costs of this appeal are assessed to plaintiff-appellee, Kevin Mouton.
*601 REVERSED AND REMANDED FOR TRIAL.

. Boxie filed his answer to the petition on June 28, 2001. He admitted the allegations of Paragraph I, but denied all other allegations in the petition. The appeal to this court was on behalf of Thomas, individually and d/b/a Big Al's Hideaway Club, solely. The record does not indicate the status of Mouton's claim against Boxie, other than entry of the preliminary default against both Boxie and Thomas on June 27, 2001.