| | | |
|---|---|---|
| **PRECEPT CREDIT OPPORTUNITIES FUND, L.P.** | * | **NO. 2020-CA-0114** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **DONNA MARIE BROWN, IRVIN EUGENT GREEN, CRESCENT BANK & TRUST AND JOHN DOE** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-08967, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Edwin A. Lombard, Judge Roland L. Belsome)


Wesley M. Plaisance
BREAZEALE, SACHSE & WILSON, L.L.P.
909 Poydras Street, Suite 1500
New Orleans, LA 70112

Laura S. Achord
300 Washington Street; Suite 210
Monroe, LA 71201


      COUNSEL FOR PLAINTIFF/APPELLEE


Jonah A. Freedman
JONAH FREEDMAN LAW, LLC
700 Camp Street, Suite 316
New Orleans, LA 70130


      COUNSEL FOR DEFENDANT/APPELLANT


      **VACATED AND REMANDED**
      **JULY 22, 2020**

RLB
JFM
EAL

Defendants, Donna Brown and Irvin Green, appeal the trial court's confirmation of a Final Default Judgment entered on June 7, 2019, in favor of Plaintiff, Precept Credit Opportunities Fund, L.P. For the following reasons, we vacate the trial court's Final Default Judgment and remand to the trial court for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 7, 2018, Plaintiff filed a Petition to Quiet Title against Defendants and Crescent City Bank & Trust. In its petition, Plaintiff claimed it acquired tax sale title of property located at 6911 East Laverne Street, in New Orleans, Louisiana (the Property) on March 10, 2015;[1] therefore, it maintained it was the sole owner of the Property. Plaintiff properly served all of the defendants.[2]

Subsequently, on June 3, 2019, Plaintiff moved for a preliminary default asserting that the defendants were properly served, but failed to file an answer or

---

[1] Plaintiff further claimed that the tax sale certificate was recorded on April 21, 2015.
[2] The record reflects that Crescent City Bank & Trust was personally served on October 16, 2018. In addition, Mr. Green accepted personal service, as well as domiciliary service for his wife, Mrs. Brown, on October 24, 2018.

1

any other responsive pleadings. As a result, the trial court entered an order of preliminary default.[3] Four days later, on January 7, 2019, Plaintiff filed a Motion to Confirm Default Judgment. On the same day, without a hearing in open court,[4] the trial court rendered a Final Default Judgment, quieting Plaintiff's tax title to the Property.[5] Finally, on August 23, 2019, Defendants filed a motion for new trial,[6] which the trial court denied.[7] This timely devolutive appeal followed.[8]

## STANDARD OF REVIEW

"In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. *Arias v. Stolthaven New Orleans, LLC*, 08-1111, p. 5 (La. 5/5/09), 9 So.3d 815, 818 (citation omitted). Therefore, we review final default judgments under the manifest error standard. *Id.*

## DISCUSSION

On appeal, Defendants argue that the trial court clearly erred in granting Final Default Judgment quieting title. In particular, they argue that Plaintiff failed

---

[3] The order contains a certification from the Deputy Clerk that as of 2:00 p.m. on June 3, 2019, the defendants had not filed any pleadings.

[4] In brief, Plaintiff intimates that a hearing was held on Plaintiff's Motion to Confirm Default Judgment, wherein evidence was formally introduced and admitted; however, the record does not support this assertion. In response to this Court's order to produce a transcript and exhibits from the hearing, the court reporter filed a certificate confirming there was no recorded hearing in connection with the June 7, 2019, motion and entry of Final Default Judgment. Though the record includes exhibits attached to the Memorandum in Support of Motion to Confirm Default Judgment, the record does not reflect any of this evidence was formally admitted on this day.

[5] The record reflects that trial court judge Monique E. Barial signed the preliminary default order and final default judgment.

[6] Notably, the delays for filing a motion for new trial never commenced as neither of the Defendants received proper notice of the signing of judgment.

[7] The record reflects that trial court judge Ellen M. Hazeur denied the motion for new trial.

[8] Defendants' suspensive appeal was converted to a devolutive appeal due to their failure to timely post the appeal bond.

2

to offer competent evidence sufficient to support the confirmation of a final default judgment. We agree.

The procedure for obtaining a default judgment is set forth in La. C.C.P. arts. 1701, 1702, and 1702.1. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes. La. C.C.P. art. 1701(A).[9]

Confirmation of a default judgment is similar to a trial and requires, with the presentation of admissible evidence, "proof of the demand sufficient to establish a prima facie case." La. C.C.P. art. 1702(A);[10] *Arias*, 08-1111, p. 7, 9 So.3d at 820.

---

[9] La. C.C.P. art. 1701(A) states:

> If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, a preliminary default may be entered against him. The preliminary default may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the preliminary default shall consist merely of an entry in the minutes.

[10] La. C.C.P. art. 1702(A) states:

> A preliminary default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to the entry of a final default judgment. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence. If no answer or other pleading is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the preliminary default. When a preliminary default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the preliminary default must be sent by certified mail by the party obtaining the preliminary default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the preliminary default.

The elements of a prima facie case are established with competent evidence, as fully as though the defendant denied each of the allegations in the petition. *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254, 1258 (La.1993) (citation and internal quotation mark omitted). "In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits." *Id.* A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. *Id.* There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise. *Id.* (citations omitted).

As a corollary, "[e]xcept as authorized by the La. C.C.P. art. 1702, or evidence that fits within one of the exceptions provided by [the Louisiana Evidence] Code, hearsay evidence[11] is inadmissible to confirm a default." *Hall v. Folger Coffee Co.*, 02-0920, p. 12 (La. App. 4 Cir. 10/1/03), 857 So.2d 1234, 1244; *see* La. C.E. art. 1101(A)(providing that "[e]xcept as otherwise provided by legislation, the provisions of this Code shall be applicable to the determination of fact ... in proceedings to confirm a default.")

Depending on the nature of the plaintiff's demand, La. C.C.P. arts. 1702(B)[12] and (C)[13] set forth several exceptions to the rule against the use of

---

[11] "'Hearsay' is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." La. C.E. art. 801.
[12] La. C.C.P. art. (B) states:

> (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require

4

hearsay evidence at the confirmation hearing. In particular, hearsay evidence in

the form of affidavits and exhibits may be offered to prove certain conventional

and delictual obligations. *Id*. Similarly, La. C.C.P. art. 1702.1[14] requires

---

additional evidence in the form of oral testimony before entering a final
default judgment.

(2) When a demand is based upon a delictual obligation, the testimony of the
plaintiff with corroborating evidence, which may be by affidavits and exhibits
annexed thereto which contain facts sufficient to establish a prima facie case,
shall be admissible, self-authenticating, and sufficient proof of such demand.
The court may, under the circumstances of the case, require additional
evidence in the form of oral testimony before entering a final default
judgment.

[13] La. C.C.P. art. 1702(C) states:

In those proceedings in which the sum due is on an open account or a promissory
note, other negotiable instrument, or other conventional obligation, or a
deficiency judgment derived therefrom, including those proceedings in which one
or more mortgages, pledges, or other security for the open account, promissory
note, negotiable instrument, conventional obligation, or deficiency judgment
derived therefrom is sought to be enforced, maintained, or recognized, or in which
the amount sought is that authorized by R.S. 9:2782 for a check dishonored for
nonsufficient funds, a hearing in open court shall not be required unless the judge,
in his discretion, directs that such a hearing be held. The plaintiff shall submit to
the court the proof required by law and the original and not less than one copy of
the proposed final default judgment. The judge shall, within seventy-two hours of
receipt of such submission from the clerk of court, sign the proposed final default
judgment or direct that a hearing be held. The clerk of court shall certify that no
answer or other pleading has been filed by the defendant. The minute clerk shall
make an entry showing the dates of receipt of proof, review of the record, and
rendition of the final default judgment. A certified copy of the signed final default
judgment shall be sent to the plaintiff by the clerk of court, and notice of the
signing of the final default judgment shall be given as provided in Article 1913.

[14] La. C.C.P. art. 1702.1 states:

A. When the plaintiff seeks to confirm a preliminary default without appearing for
a hearing in open court as provided in Article 1702(B)(1) and (C), along with any
proof required by law, he or his attorney shall include in an itemized form with a
written motion for confirmation of preliminary default and proposed final default
judgment a certification that the suit is on an open account, promissory note, or
other negotiable instrument, on a conventional obligation, or on a check
dishonored for nonsufficient funds, and that the necessary invoices and affidavit,
note and affidavit, or check or certified reproduction thereof are attached. If
attorney fees are sought under R.S. 9:2781 or 2782, the attorney shall certify that
fact and the fact that the number of days required by R.S. 9:2781(A) or 2782(A),
respectively, have elapsed since demand was made upon the defendant.
B. The certification shall indicate the type of service made on the defendant, the
date of service, and the date a preliminary default was entered, and shall also
include a certification by the clerk that the record was examined by the clerk,

5

compliance with specific mandates in order to confirm a default judgment without a hearing in open court. In particular, the plaintiff must include certain itemizations and certifications, along with any proof to establish a prima facie case. *Id.*

In the instant case, the record does not reflect that the trial court held a hearing in open court, wherein evidence was formally introduced and admitted. Instead, Plaintiff submitted a motion and supporting memorandum to confirm default judgment. Plaintiff attached its affidavit that included three exhibits to its supporting memorandum.[15] However, the record does not reflect any request to admit these exhibits or the entire record into evidence. Moreover, Plaintiff did not present live testimony or offer a certified copy of the tax deed into evidence. As a result, Plaintiff did not admit any evidence on the record by which it could prove the elements of its case as required by La. C.C.P. art. 1702(A).

As discussed, La. C.C.P. arts. 1702(B)(1) and (C) and 1702.1 do specify certain claims and situations wherein a plaintiff may confirm a default judgment using hearsay evidence without a hearing when mandatory itemizations and certifications of proof are present. However, Plaintiff's claim to quiet title does not fall within one of the foregoing exceptions under La. C.C.P. art. 1702(B)(1) or (C) that would allow hearsay evidence by way of affidavit and exhibits, nor does its

---

including therein the date of the examination and a statement that no answer or other pleading has been filed within the time prescribed by law or by the court.

[15] The exhibits included uncertified copies of: the recorded tax sale certificate, Defendants' cash sale, and a judgment in favor of Crescent Bank & Trust against Defendants.

submission comply with the strict mandates of La. C.C.P. art. 1702.1,[16] which is necessary to proceed to a final judgment without a hearing. Thus, a hearing with live testimony and evidence was required. Accordingly, the failure to conduct a hearing and obtain competent evidence sufficient to establish the elements of a prima facie case by which a final default judgment could be confirmed is a fatal procedural defect.

## **CONCLUSION**

Given these circumstances, the trial court was manifestly erroneous in confirming the Final Default Judgment. For these reasons, we vacate the trial court's Final Default Judgment and remand to the trial court for further proceedings.

**VACATED AND REMANDED**

---

[16] Specifically, Plaintiff's submission to the court does not include an itemization and certification from the Plaintiff or its attorney, nor is there a certification by the clerk that the record was examined and no pleadings had been filed. *See Ernest N. Morial New Orleans Exhibition Hall Auth. v. New Limits New Limits, LLC*, 16-0706, p. 8 (La. App. 4 Cir. 4/5/17), 215 So.3d 974, 978 (holding that certification requirement for confirmation of default was mandatory, and thus the Plaintiff was not entitled to confirmation of default).