# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-202

DISCOVER BANK

VERSUS

HEATHER NICOLE HENNIGAN

**********

APPEAL FROM THE
LAFAYETTE CITY COURT
PARISH OF LAFAYETTE, NO. 2023 CV 3248
HONORABLE JULES DAVIS EDWARDS, CITY COURT JUDGE

**********

## SHARON DARVILLE WILSON
## JUDGE

**********

Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Guy E. Bradberry, Judges.

**AFFIRMED.**

**Edward Mozier, Jr.**
**Stephen Bruce & Associates**
**Post Office Box 808**
**Edmond, Oklahoma  73083**
**(405) 330-4110**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Discover Bank**

**Heather Nicole Hennigan**
**In Proper Person**
**114 Dove Circle**
**Lafayette, Louisiana  70508**
**(337) 344-4957**

**WILSON, Judge.**

Defendant, Heather Nicole Hennigan, appeals the default judgment of the trial court in favor of Plaintiff, Discover Bank ("Discover"), requiring her to pay a sum due on an open account. For the reasons expressed below, we affirm the judgment of the trial court.

## I.
## ISSUES

In this appeal, we must decide whether the trial court erred in granting the default judgment in favor of Discover and against Ms. Hennigan.

## II.
## FACTS AND PROCEDURAL HISTORY

Ms. Hennigan opened a credit card account with Discover in January 1995. Ms. Hennigan subsequently defaulted on said account. Stephen Bruce & Associates, a debt collector, mailed Ms. Hennigan a letter on August 17, 2023, notifying Ms. Hennigan that she owed a debt to Discover in the amount of $18,884.14 for a credit card ending in 5240. The letter also included instructions on how to dispute all or part of the debt. Ms. Hennigan contacted Discover to open a dispute investigation. She claims that the card ending in 5420 was found in the wallet of a deceased person who was not an authorized user. Discover claims that they conducted a dispute investigation and sent a letter to Ms. Hennigan with the results of the investigation which found the account and balance to be valid.

Discover filed their petition with the Lafayette City Court on October 27, 2023. The petition claimed that Ms. Hennigan was justly indebted to Discover for the sum of $18,884.14 together with legal interest and all costs of these proceedings. Ms. Hennigan was personally served with the petition on November 3, 2023. Ms. Hennigan failed to file an answer to the petition.

On March 5, 2024, a default judgment was granted in Lafayette City Court against Ms. Hennigan in the full amount of $18,884.14 with interest from the date of judgment together with costs. The judgment was filed on March 6, 2024, mailed to Ms. Hennigan on March 7, 2024, and received by her on March 11, 2024. Ms. Hennigan subsequently filed her appeal with this court.

III.

**LAW AND DISCUSSION**

Ms. Hennigan requests that this court suspend the default judgment so that the parties can come to a mutual agreement and settle the account. She argues that her failure to answer the petition was due to a misunderstanding, as she was told by an attorney for Discover that she could no longer speak with her because disputed purchases on the credit card were being researched by Discover. Ms. Hennigan states that she believed Discover's investigation was still ongoing and therefore she was not required to file an answer with the court. Ms. Hennigan also claims that she has not received the results of the investigation into the last ten purchases made on the credit card at issue. As such, Ms. Hennigan contends that the default judgement was granted in error.

"In reviewing default judgments, appellate courts are restricted to determining the sufficiency of the evidence offered in support of the judgment." *Bordelon v. Sayer,* 01-717, p. 3 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, 1235, *writ denied,* 02-1009 (La. 6/21/02), 819 So.2d 340. The trial court's determination regarding sufficiency is a factual one governed by the manifest error standard of review. *Id.*

Under La.Code Civ.P. art. 4904, in a suit filed in a city court, "if the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff establishes a prima facie case by competent and admissible evidence, a default judgment in favor of the plaintiff may be rendered." Discover's petition was served on Ms.

2

Hennigan on November 3, 2023. The citation specified that Ms. Hennigan had ten days to respond. The record reveals that Ms. Hennigan failed to file an answer in this case and made no appearances prior to the default judgment. Thus, the critical inquiry is whether Discover established a prima facie case entitling it to default judgment.

To obtain a default judgment, a plaintiff must establish the elements of a prima facie case with competent evidence as fully as though each of the allegations in the petition were denied by the defendant. *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254 (La.1993). "A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim." *Id.* at 1258. "[I]n order to establish both the existence and the validity of a demand for a sum due on an open account, it is necessary for a plaintiff to present evidence of the account itself and an affidavit, or testimony, attesting to its correctness." *Id.* The existence of the claim is supported by a statement of the account or invoices while the validity is supported by the affidavit of correctness. *Id.*

In addition, "[w]hen the sum due is on an open account . . . a hearing in open court shall not be required unless the judge in his discretion directs that such a hearing be held." La.Code Civ.P. art. 4904(C). Along with the necessary proof submitted by the plaintiff, "[t]he clerk of court shall certify that no answer or other pleading has been filed by the defendant." *Id.*

In support of the default judgment, Discover submitted the following: the original petition; an account statement for a Discover It card ending in 5240 covering the dates April 17, 2022, to May 16, 2022; an account statement for a Discover It card ending in 5240 covering the dates April 16, 2023, to May 15, 2023, and showing an outstanding balance of $18,884.14 with a minimum payment of $5,417.02 due on June 14, 2023; a Certificate of Attorney certifying that the account sued upon was

3

an open account, the statement of account and nonmilitary service are attached, the notice requirements for attorney fees under La.R.S. 9:2781 were satisfied on August 17, 2024, and Ms. Hennigan was served by personal service on November 3, 2023; an Article 1702 Certificate certifying that no notice of intent to pursue final judgment was required to be circulated to counsel for all parties because no appearance on the record was made by Defendant and Plaintiff has not had written contact with an attorney representing Defendant; an affidavit of correctness completed by an employee of Discover, a letter from Stephen Bruce & Associates notifying Ms. Hennigan of Discover's attempt to collect the debt; a statement of nonmilitary service for Ms. Hennigan; and a Clerk's Certificate certifying that the case was a suit on an open account, Ms. Hennigan was served on November 3, 2023, and no answer of opposition had been filed, the offerings made by Discover, and that attorney fees were authorized under La.R.S. 9:2781.

After reviewing the record, particularly the submitted account statement and affidavit of correctness, we find that the trial court did not err in finding that Discover submitted sufficient evidence to establish the elements of a prima facie case. Discover submitted an account statement clearly showing the existence of the debt in the amount of $18,884.14. The submitted affidavit of correctness verified that the affiant had personal knowledge that the statement was a record maintained in the ordinary course of business and was true and accurate. If Ms. Hennigan wished to dispute any portion of the debt, she could have done so in her answer which she failed to file. Accordingly, Discover was entitled to a default judgment in the amount requested.

IV.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we affirm the judgment of the trial court.  All costs of this appeal are assessed to Heather Nicole Hennigan.

**AFFIRMED.**