572 So.2d 148 (1990)
GULF STATES ASPHALT COMPANY, INC., d/b/a Gulf Seal Roofing Supply
v.
BATON ROUGE SERVICES, INC.
No. 89 CA 1313.
Court of Appeal of Louisiana, First Circuit.
November 14, 1990.
Stacy Butler, Baton Rouge, for plaintiff-appellee Gulf States Asphalt Co., Inc. d/b/a Gulf Seal Roofing Supply.
Nina S. Broyles, Katherine W. King, Baton Rouge, for defendant-appellant Baton Rouge Services, Inc.
Before LOTTINGER, SHORTESS and CARTER, JJ.
SHORTESS, Judge.
Gulf States Asphalt Company, d/b/a Gulf Seal Roofing Supply (plaintiff), brought suit against Baton Rouge Services, *149 Inc. (defendant) seeking to recover the sum of $8,031.73, alleging that amount to be the unpaid balance due on open account. Plaintiff also sought attorney fees as per the provisions of LSA-R.S. 9:2781. Defendant filed a motion and obtained an order extending the time period within which to plead. When the delays expired, plaintiff obtained a preliminary default and then proceeded under the provisions of LSA-C. C.P. art. 1702.1 for the confirmation of a default judgment without a hearing in open court.
Article 1702.1 requires an itemization which in this case would require a certification that the suit was on open account, attachment of the necessary invoices, an affidavit of correctness, and the necessary LSA-R.S. 9:2781 documents. The itemization also requires an indication of the type of service made on defendant, the date of service, and the date the preliminary default was entered, along with a certification by the clerk that the record was examined and that no answer or other opposition had been filed.
The trial court signed a judgment in plaintiff's favor for the amount prayed for, namely, $8,031.73, and also awarded attorney fees which it fixed at $2,500.00. Defendant has filed this appeal.
The threshold issue is whether plaintiff established the indebtedness allegedly owed on open account by prima facie evidence as per LSA-C.C.P. art. 1702.
The essential elements of a prima facie claim upon which a judgment of default may be confirmed must be proven by competent evidence as fully as if each of the allegations has been specifically denied by the defendant. Brown v. Tinsley, 433 So.2d 305, 306 (La.App. 1st Cir.1983). In order to establish a prima facie case on an open account, plaintiff's proof must include both the business record of the account and an affidavit or testimony verifying the correctness thereof. Roll-Lite Overhead Doors v. Clover Contractors, 527 So.2d 500 (La.App. 5th Cir.), writ denied, 532 So.2d 115 (La.1988). An affidavit which only declares that the balance due of some unproduced account is correct does not constitute the prima facie proof required for a default judgment under LSA-C.C.P. art. 1702. American District Telegraph v. Rault, 378 So.2d 194, 195 (La.App.4th Cir.1979).
The affidavit presented by plaintiff's representative, Tom Maxwell, is insufficient as an affidavit of correctness. Although it mentions the invoices which are attached to the original petition, it does not verify the invoices, nor are they attached to the affidavit. The invoices total a sum well in excess of the sum prayed for. There is no explanation as to the disparity in these numbers. In a suit on open account, it is of crucial importance that an itemized statement of the account, showing all the debits and all the credits which produce the balance due, be produced. Only in this way is the sum due on account mathematically documented. The invoices attached to plaintiff's petition total $17,031.73.
We find that the trial court erred in granting a default judgment in this case because same was done with proof that was insufficient to establish a prima facie case.
In view of our finding, it is unnecessary to discuss defendant's remaining assignment of error, that the requirements of LSA-C.C.P. art. 1702.1 were not complied with. However, we note that this article requires:
in an itemized form with the motion and judgment, a certification that the suit is on an open account, promissory note, or other negotiable instrument or on a conventional obligation and that the necessary invoices and affidavit or note and affidavit are attached.
Plaintiff's affidavit did not contain this itemization.
Accordingly, for the reasons set forth, the judgment of the district court is reversed, and this matter is remanded for further proceedings. Costs of this appeal are taxed to plaintiff.
REVERSED AND REMANDED.
CARTER, J., concurs in the result.