LOBRANO, Judge.
Designer’s Gallery obtained a default judgment against Darlene Hagen for sums alleged due on open account, plus interest and attorney fees. Hagen perfects this appeal. The sole issue for our review is whether there is sufficient evidence to establish a prima facie case to support the judgment.
Plaintiff’s suit asserts that Hagen purchased “certain goods, merchandise and/or services as set forth on the annexed itemized statement of account....” Annexed to the petition are four invoices totalling $2,787.20, the amount sued for. Each invoice describes the goods and services furnished Hagen.[1] In support of its default judgment, plaintiff filed a certification and affidavit in accordance with Code of Civil Procedure Articles 1702 and 1702.1.
The affidavit of correctness of account, executed by the president of Designer’s Gallery, states that affiant was familiar with the books and business of plaintiff; that the claim against Darlene Hagen in the principal sum of $2,787.20, plus interest, attorney fees and court costs is correct; that the goods, wares, merchandise and/or services described in the account were sold and delivered to the defendant at defendant’s request; that all charges and credits were entered on the account, either personally by affiant or under affiant’s supervision and direction, and are true and correct; that the amount claimed is presently due and owed by defendant and that written demand, including copies of supporting invoices has been made.
In a suit on open account a plaintiff’s prima facie proof must include both the business record of the account and an affidavit or testimony verifying the correctness thereof. Gulf States Asphalt v. Baton Rouge Services, Inc., 572 So.2d 148 (La.App. 1st Cir.1990); Roll-Lite Overhead Doors v. Clover Contractors, 527 So.2d 500 (La.App. 5th Cir.1988), writ denied, 532 So.2d 115 (La.1988). “The naked declaration of an employee that the balance of some unproduced account is correct does not constitute the prima facie proof required for a default judgment in a suit on open account under C.C.P. Article 1702”. Roll-Lite Overhead Doors, supra at 503, citing American Dist. Tel. Co. v. Rault, 378 So.2d 194 (La.App. 4th Cir.1979) at 195. See also, Jim McCary, Inc. v. Price, 391 So.2d 921 (La.App. 2nd Cir.1980).
The affidavit filed by plaintiff in the instant case does not identify nor even refer to the invoices attached to the petition. There is a reference to the “goods, wares, merchandise/and or services described in the account,” however there is no “account” attached to the affidavit. In our opinion the mere declaration that a balance is owed without either a specific reference to the documentation supporting the goods and/or services furnished or a specific description in the affidavit itself of the goods and services furnished to a defendant, is insufficient proof to support a default judgment under Article 1702. Although the invoices appear in the record as attachments to the petition, there is no connexity established between them and *739 the affidavit. Without identifying testimony, either orally or by affidavit, the invoices, standing alone, are insufficient.
We therefore vacate and set aside the default judgment entered herein and remand this matter for further proceedings. Because of this disposition, it is unnecessary to address appellant’s other arguments.
VACATED AND REMANDED.
PLOTKIN, J., dissents with reasons.

. Hagen raises the issue that three invoices are made out to her “d/b/a Naty's Restaurant", while the fourth is addressed to "Lopinto’s-Dar-lene Hagen.” Because of our resolving this case on other grounds, we need not address this argument.