STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-892

HTS, INC.

VERSUS

SEAHAWK OIL & GAS, INC.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 101933-G
HONORABLE CHARLES LEE PORTER, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Michael G. Sullivan, Judges.

REVERSED AND REMANDED.

Kenneth A. Back
P. O. Box 51778
Lafayette, LA 70505-1778
Telephone:  (337) 237-3429
COUNSEL FOR:
        Plaintiff/Appellee - HTS, Inc.

Denis Collins Swords
Bart J. Hebert
GORDON, ARATA, McCOLLAM, DUPLANTIS & EAGAN, L.L.P.
625 East Kaliste Saloom Drive - Suite 301
P. O. Box 81829
Lafayette, LA 70598-1829
Telephone:  (337) 237-0132
COUNSEL FOR:
        Defendant/Appellant - Seahawk Oil & Gas, Inc.

THIBODEAUX, Chief Judge.

In this default judgment case, defendant, Seahawk Oil & Gas, Inc., appeals the trial court's confirmation of a preliminary default judgment on an open account and the amount of attorney fees awarded in favor of plaintiff, HTS, Inc. Seahawk alleges that the trial court had no personal jurisdiction over the defendant or, in the alternative, the plaintiff did not establish a prima facie case needed to confirm the preliminary default. In addition, the trial court awarded HTS, Inc., twenty-five percent in attorney fees. Seahawk argues that pursuant to the "Oil Well Lien Act," attorney fees are not to exceed ten percent.

We reverse the judgment of the trial court due to insufficient proof provided by HTS to establish a prima facie case and remand for further proceedings.

I.

## ISSUES

We shall consider:

1) whether the trial court lacked personal jurisdiction over defendant, Seahawk Oil & Gas, Inc.;

2) whether the trial court erred in confirming a preliminary default and;

3) whether the trial court erred in awarding twenty-five percent in attorney fees.

II.

## FACTS

On December 8, 2003, HTS filed suit against Seahawk pursuant to La.R.S. 9:4861, et. seq. (Oil Well Lien Act), seeking judgment recognizing a lien, and a money judgment for $15,143.63 plus interest, costs, and attorney fees. Using the

1

Louisiana Long Arm Statute, HTS's attorney, Kenneth Back, mailed certified copies of the citation and petition by certified mail to Seahawk on December 10, 2003. Seahawk argues that the company never received the envelope, and subsequently the envelope was stamped unclaimed by the post office and returned to Mr. Back.

On March 4, 2004, on motion of HTS, the trial court granted a preliminary default against Seahawk. On March 11, 2004, HTS filed a "Certification in Accordance with Louisiana Code of Civil Procedure for Confirmation of a Default Judgment" (Certification). The document sets forth in paragraph 1(a) that "this suit is on open account." Attached to the Certification are six invoices, the sum of which totals $14,104.03. Also attached is an "Affidavit of Correctness of Account of George Hartfield" which certifies that Seahawk owes HTS $15,143.63 on its account; however, there is no explanation as to the discrepancy for the adjusted sum prayed for. Seahawk argues that these numbers are inconsistent and noted that the total amounts of the invoices submitted to the trial court with the petition was $17,143.63. Thus, Seahawk asserts, the invoices do not establish a valid indebtedness, and therefore HTS failed to establish a *prima facie* case as set forth in La.Code Civ.P. art. 1702.1.

III.

## LAW AND DISCUSSION

### *Personal Jurisdiction*

HTS served Seahawk *vis-á-vis* the Louisiana Long Arm Statute. Seahawk alleges that the trial court lacked personal jurisdiction because of their failure to receive the citation. We disagree. Louisiana Revised Statutes 13:3204(A) states in part:

2

> In a suit under R.S. 13:3201, a certified copy of the citation . . . and of the petition or a certified copy of a contradictory motion, rule to show cause, or other pleading filed by the plaintiff in a summary proceeding . . . shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state. . . .

Furthermore, when plaintiff's counsel sends to defendant by registered or certified mail a certified copy of the citation and of the petition in a suit under the long-arm statute, such service has the same legal force and validity as personal service made on defendant within the state. La.R.S. 13:3204(C). In *McFarland v. Dipple*, 99-584, p. 6 (La.App. 1 Cir. 3/31/00), 756 So.2d 618, 622, the court held that an "unclaimed" certified letter was tantamount to a refusal and stated:

> Under the clear wording of § 3204, all that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person. There is no requirement under § 3204 for a signed return receipt.

Furthermore, "the law is clear that a defendant may not be allowed to defeat valid service by merely refusing to accept the letter containing the citation." *Decca Leasing Corp v. Torres*, 465 So.2d 910 (La.App. 3 Cir. 1985).

In this case, HTS mailed certified copies of the citation and petition by certified mail to Seahawk on December 10, 2003, as evidenced by its attorney's affidavit and the returned envelope. There is no indication that Mr. Back sent the information to an incorrect address. Seahawk's non-receipt of the citation is not dispositive of the issue of personal jurisdiction. We find service was proper and therefore personal jurisdiction was established.

3

### *Confirmation of the Default Judgment*

Seahawk contends that HTS failed to make a prima facie showing that it is entitled to the principal amount awarded in the judgment, as required by the articles of the Louisiana Code of Civil Procedure that govern confirmation of default judgments. We agree.

Louisiana Code of Civil Procedure Article 1702(A) provides " [a] judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." In addition, La.Code Civ.P. article 1702.1 sets forth the required information and certifications needed for a confirmation of default judgment without a hearing in open court.

In *Sessions & Fishman v. Liquid Air Corp*, 616 So.2d 1254 (La.1993), the Louisiana Supreme Court outlined the requirements for confirming a default on a suit on open account and explained, ". . . in order to establish both the existence and the validity of the demand for a sum due on an open account, it is necessary for a plaintiff to present evidence of the account itself, and an affidavit, or testimony attesting to its correctness." *Id*. at 1258.

A similar issue arose in *Gulf States Asphalt Company, Inc. v. Baton Rouge Services, Inc*., 572 So.2d 148 (La.App. 1 Cir. 1990), where the affidavit failed to verify invoices attached to the petition and failed to explain the disparity between a smaller sum prayed for and the invoices. In that instance, the first circuit stated that "[i]n a suit on open account, it is crucial importance that an itemized statement of the account, showing all the debits and all the credits which produce the balance due, be produced." *Id*. at 149.

Likewise, in the present case there is insufficient evidence to satisfy the requirements of the statute and the jurisprudence. HTS attached invoices to the

affidavit that totaled $14,103.03 yet the amount prayed for was $15,143.63. The inconsistency is further evidenced by the original petition where the same amount was prayed for, yet the invoices attached totaled $17,143.63. There is no explanation to clarify the discrepancy which is crucial to establish a prima facie case as established in *Gulf States*. HTS failed to present adequate evidence on the open account and Mr. Hartfield's affidavit failed to establish its correctness.

In view of our findings, it is unnecessary to discuss defendant's remaining argument, namely that the attorney fees awarded were not in accordance with the Oil Well Lien Act.

IV.

## CONCLUSION

Based on the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings. Costs are assessed to appellee, HTS, Inc.

**REVERSED AND REMANDED**.