McCLENDON, J.
|2Pefendant appeals a judgment that confirmed a default against it and cast it for damages in a suit on open account Concluding that the plaintiff failed to establish its prima facie case to confirm the default judgment, we reverse the trial court’s judgment and remand this matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
On December 17, 2013, Environmental Safety and Health Consulting Services, Inc. (hereinafter “plaintiff’) filed a suit on open account, naming Reynolds Nationwide, Inc., a Texas corporation, as a defendant. Therein, plaintiff alleged that Reynolds (hereinafter “defendant”) was indebted unto it for $159,056.65, together with legal interest, from the date of judicial demand.[1] Plaintiff also sought reasonable attorney’s fees. A certifícate of notice indicates that Reynolds received the petition on December 30, 2013.
On February 6, 2014, because no answer had been filed, plaintiff filed a motion and order for preliminary default, which was granted by the trial court. Thereafter, at a hearing on February 11, 2014, plaintiff sought to confirm the default judgment. Following the hearing, the trial court signed a judgment awarding plaintiff the sum of $159,056.65, with an additional sum equal to twenty-five percent of the principal and interest as attorney’s fees.
On the afternoon of February 11, 2014, defendant, unaware that plaintiff had confirmed the default judgment earlier that day, filed an answer to plaintiffs petition. In its answer, defendant alleged that the petition failed to state a cause of action, that venue was improper, that the plaintiffs claims were barred by accord and satisfaction, that the plaintiffs claims were prescribed, that plaintiffs claims were barred by the defense of estoppel, and that plaintiff failed to mitigate its damages.
|3On April 14, 2014, the trial court mailed notice of judgment to defendant. Thereafter, defendant timely filed a motion for suspensive appeal to seek review of the trial court’s judgment. On appeal, defendant asserts that the evidence presented by plaintiff was insufficient to warrant confirmation of the default judgment and that the award of over $40,000.00 in attorney’s fees was unreasonable.
DISCUSSION
Confirmation of a default judgment is similar to a trial and requires, with admissible evidence, “proof of the demand sufficient to establish a prima facie case.” The elements of a prima facie ease are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. Arias v. Stolthaven New Orleans, LLC, 08-1111 (La.5/5/09), 9 So.3d 815, 819-20 (quoting LSA-C.C.P. art. 1702A).
To confirm a suit on open account “an affidavit of the correctness thereof shall be prima facie proof.” LSA-C.C.P. art. 1702B(3). “Thereof’ simply means “of it.” Sessions and Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993). In this context, the affidavit of correctness refers to the validity of the account. Id. In order to establish both the existence *595 and the validity of a demand for a sum due on open account, it is necessary for a plaintiff to present evidence of the account itself and an affidavit, or testimony, attesting to its correctness. Id.
At the confirmation hearing, plaintiff introduced the affidavit of Charles M. LeCompte, a representative for plaintiff, who attested that the balance owed by defendant was $159,056.65. Plaintiff also introduced a copy of a demand letter plaintiff sent defendant on October 25, 2013 that demanded payment of $159,056.65. While the demand letter indicates that plaintiff was “enclosing a copy of the itemized statements in support thereof verifying the debt owed,” the itemized statements verifying the amount owed were not introduced into 14evidence at the confirmation hearing.[2] Moreover, the demand letter, which was sent by counsel representing plaintiff, does not equate to a statement of account or invoice.
Because plaintiff failed to present evidence of the statement of account or an invoice, the plaintiff did not establish its prima facie case. See Sessions and Fishman, 616 So.2d at 1261 (“The jurisprudential interpretation of the prima facie proof sufficient to support a judgment of default in a suit on an open account, consisting of a statement of the account or invoice and an affidavit attesting to the correctness thereof, remains unchanged.”) As such, we conclude the trial court erred in confirming the default judgment.
CONCLUSION
For the foregoing reasons, the trial court’s February 11, 2014 judgment is reversed in its entirety and this matter is remanded for further proceedings. Costs of this appeal are assessed to plaintiff, Environmental Safety and Health Consulting Services, Inc.
REVERSED AND REMANDED.

. Specifically, the petition alleged that plaintiff "sold merchandise and valuable goods and performed services to defendant herein, all on open account, with a balance of ONE HUNDRED FIFTY NINE THOUSAND FIFTY-SIX AND 65/100 ($159,056.65) DOLLARS.” The petition did not provide any further specificity, including the dates such goods were sold and services were performed, what those goods and services were, nor the price of each good and service provided.

. We also note that the itemized statements do not appear anywhere else in the record.