HANS J. LILJEBERG, Judge.
lain this action to recover sums due on a credit card account, a default judgment was rendered against defendant. Defendant filed a motion for new trial challenging the sufficiency of the evidence presented in support of the default judgment, and this motion was denied. Defendant appeals from the denial of her motion for new trial. For the' following reasons, we reverse the trial court’s judgment and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

On June 29, 2012, plaintiff; Capital One Bank (USA) NA (“Capital One”), filed a petition on open account against defendant, Joyce Young, seeking to recover the sum of $9,807.22, which it asserted was the outstanding balance due on Ms. Young’s Mastercard account. Capital One also sought to recover interest, costs, and attorney fees. The record reflects that Ms. Young was served by a special process server on April 5, 2014, but she did not file an answer to the lawsuit.
On June 16, 2014, the trial judge entered a preliminary default. Thereafter, on July 15, 2014, Capital One sought confirmation of the default and submitted the following exhibits:
.1) A “Certificate of Confirmation;”
2) A “Supplemental Affidavit of Correctness of Account;”
|⅞3) A copy of a demand letter from Capital One’s attorney to Ms. Young, dated April 16,2012;
4) An affidavit from Lola Buafo, as an authorized agent of Capital One;
5) A copy of a status report for the Department of Defense, indicating that Ms. Young was not on active duty with the military;
6) A copy of the Capital One Customer Agreement;
7) A document entitled, “Form 1628 Invitation,” allegedly signed by Ms. Young and dated March 8, 2004, which appears to be an application for a Capital One credit card;
8) Billing statements fpr Ms. Young’s Capital One credit card for August, September, and October of 2011, and a billing- statement dated November 4, 2011 to February 2, 2012, reflecting that $131.45 in interest had been added to the $9,807.22 ’ balance, resulting in a new balance of $9,938.67; and
9) A Capital One Cycle Facsimile Report for October 4, 2011 to November 3, 2011, reflecting a balance of $9,807.22.
On July 18, 2014, the trial court rendered a default judgment against Ms. Young in the amount of $9,807.22, together with interest and costs. On July 28,- 2014, Ms. Young filed a motion for new trial, asserting that the default judgment should be set aside. In her motion, she claimed that the evidence submitted was insufficient to support the rendition of a default judgment. After a hearing on October 16, *697 2014, the trial court denied Ms. Young’s motion for new trial. It is from this judgment that Ms. Young appeals. - ,

LAW AND DISCUSSION

On appeal, Ms. Young contends that the trial court erred by denying her motion for new trial, because the default judgment is “clearly contrary to the law and evidence.” She asserts that the evidence submitted in support of the default judgment was not sufficient to show that Capital One is entitled to the amount awarded in the default judgment. We agree.
|4A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702(A); Gonzales v. Build-A-Bear Workshop, Inc., 09-368, p. 4 (La.App. 5 Cir. 12/8/09), 30 So.3d 27, 29. The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993). A plaintiff seeking to confirm a default must prove both the existence and validity of his claim. Id.
In order to establish both the existence and the validity of the demand for a sum due on open account, a plaintiff must present evidence’of the account itself, and an affidavit or testimony attesting to its correctness. HTS, Inc. v. Seahawk Oil & Gas, Inc., 04-892 (La.App. 3 Cir. 12/8/04), 889 So.2d 442, 445; Envtl. Safety & Health Consulting Servs. v. Reynolds Nationwide, Inc., 14-787 (La.App. 1 Cir. 12/23/14), 168 So.3d 593. The affidavit of correctness refers to the validity of the account, and it eliminates the necessity of taking testimony in order to establish the validity of the account. Sessions & Fishman, 616 So.2d at 1258. The existence of the claim, however, is supported by a statement of the account or invoices. Id.
Louisiana courts have held that “[i]n a suit on open account, it is of crucial importance that an itemized statement of the account, showing all the debits and all the credits which produce the balance due, be produced.” Gulf States Asphalt Co. v. Baton Rouge Services, Inc., 572 So.2d 148, 149 (La.App. 1 Cir.1990); See also HTS, Inc., 04-892 at 4, 889 So.2d at 445; and Envtl. Safety & Health Consulting Servs., supra. “Only in this way is the sum due on account mathematically documented.” Gulf States Asphalt Co., 572 So.2d at 149.
In the present case, the evidence submitted in support of the default judgment is insufficient-to make a prima facie showing that Capital One is entitled | fo judgment for the amount sought. Although Capital One submitted billing statements from 2011 reflecting the balances allegedly due, it did not submit any itemized statements, invoices; or other record's reflecting purchases made, payments applied, or otherwise indicating the debits and credits to the account that produced the balance. In Capital' One’s “Certificate of Confirmation,” it states that an “itemized statement of account” is attached to the judgment or filed in the suit record. However, the record before us does not contain' any itemized statements verifying the amount owed on Ms. Young’s account. ■
Because Capital One failed to present an itemized statément of account or invoices to establish a prima facie showing that it is entitled to the amount sought, we find that the evidence presented was insufficient to support the default judgment. Accordingly, the trial judge should have granted Ms. Young’s motion for new trial, as the default judgment was not supported by the law and evidence. See La. C.C.P. art. 1972(1).

*698
DECREE

For the foregoing reasons, we reverse the judgment of the trial court and remand this case for further proceedings.

REVERSED AND REMANDED