# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

## 2023 CA 0647

## LOUISIANA STATE UNIVERSITY BOARD OF SUPERVISORS THROUGH LOUISIANA STATE UNIVERSITY

### VERSUS

### JASMINE L. LEWIS

Judgment Rendered: **NOV 0 9 2023**

\* \* \* \* \*

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 719444, Section 21

The Honorable Ronald R. Johnson, Judge Presiding

\* \* \* \* \*

Jeff Landry
*Attorney General*
Amy D. Richard
Olivia G. Boudreaux
Kirsten E. Smith
*Assistant Attorneys General*
Baton Rouge, Louisiana

Attorneys for Plaintiff/Appellant
Louisiana State University Board of
Supervisors Through Louisiana
State University

Gregory Thomas Akers
Joshua Paul Melder
Baton Rouge, Louisiana

Attorneys for Defendant/Appellee
Jasmine L. Lewis

\* \* \* \* \*

**BEFORE: WELCH, HOLDRIDGE, AND WOLFE, JJ.**

**HOLDRIDGE, J.**

In this suit on an open account, the appellant, Louisiana State University Board of Supervisors through Louisiana State University (LSU), appeals from a trial court judgment rendered in favor of the appellee, Jasmine L. Lewis, that sustained a peremptory exception raising the objection of prescription and dismissed LSU's claim with prejudice. For the reasons that follow, we reverse and remand to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On May 26, 2022, LSU filed a suit on an open account against Jasmine L. Lewis, alleging that Ms. Lewis was indebted to LSU in the amount of $7,662.80, together with interest, late/other charges, collection costs, and attorneys' fees. According to the allegations in the petition, Ms. Lewis enrolled in classes at LSU in 2012 and 2013, wherein she incurred the debt. LSU attached to its petition Ms. Lewis' academic record for 2012 and 2013, which showed that the last payment made by Ms. Lewis to LSU was on May 25, 2018. LSU asserted that the debt incurred by Ms. Lewis was an educational obligation due to a public institution of higher education, and was subject to a thirty-year liberative prescription period pursuant to La. R.S. 9:5701(A).[1]

In response to the suit on open account, Ms. Lewis filed a peremptory exception raising the objection of prescription and a motion for sanctions. Ms. Lewis argued that LSU erroneously claimed that the thirty-year prescriptive period under La. R.S. 9:5701(A) applied to this case because LSU did not attach any evidence either in authentic form or under private signature by the parties containing the terms of its open account agreement. Ms. Lewis further argued that

---

[1] Louisiana Revised Statutes La. R.S. 9:5701(A) provides, in pertinent part, that "actions for debts including student loans ... to any ... educational institution in the state ... are prescribed by thirty years, provided the debt is evidenced in writing."

2

LSU was limited to the three-year prescriptive period set forth in La. C.C. art. 3494, which made LSU's action against Ms. Lewis prescribed.[2] Therefore, Ms. Lewis argued that the suit should be dismissed with prejudice.

Ms. Lewis further argued that LSU's arguments had no basis in law and therefore the trial court should sanction LSU for violating La. C.C.P. art. 863. Specifically, Ms. Lewis argued that LSU violated La. C.C.P. art. 863(B)(2)[3] by "deliberately bringing an action against [Ms.] Lewis which it clearly knew had prescribed." In support of her argument, Ms. Lewis cited Louisiana State University System Board of Supervisors Through Louisiana State University Veterinarian Teaching Hospital v. Johnson, 2020-272 (La. App. 3 Cir. 4/7/21), 318 So.3d 292, 302, writ denied, 2021-00618 (La. 9/27/21), 324 So.3d 98, wherein the Third Circuit upheld the trial court's decision to impose sanctions on LSU for bringing a prescribed cause of action and failing to certify that its claim was warranted by existing law. Therefore, Ms. Lewis argued that like the Johnson case, the facts of this case warranted sanctions on LSU for violating La. C.C.P. art. 863(B)(2).

LSU opposed Ms. Lewis' motion and peremptory exception raising the objection of prescription, arguing that its claim was not prescribed and that as the exceptor, the burden of proof was on Ms. Lewis to prove that her claim was not prescribed. LSU argued that La. R.S. 9:5701(A) was the prescriptive period that applied to this case because it was for an open account to an educational institution. LSU further argued that La. R.S. 9:5701(A) did not require an

---

[2] Louisiana Civil Code article 3494 provides that an action on an open account is subject to a liberative prescriptive period of three years.

[3] Louisiana Code of Civil Procedure article 863(B)(2) states that a signed pleading by an attorney certifies that "[e]ach claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law."

3

authentic act or an act under private signature, as the statute specifically stated that "the debt is evidenced in writing." LSU argued that the language of La. R.S. 9:5701(A) should be given its common meaning to require written evidence of the debt consistent with the definition provided by La. C.E. art. 1001(1).[4] Therefore, LSU argued that it was not required to produce an open account agreement in the form of an authentic act or under private signature to receive the thirty-year prescriptive period as mandated by La. R.S. 9:5701(A).

On February 16, 2023, the trial court held a hearing on Ms. Lewis' peremptory exception raising the objection of prescription and motion for sanctions. No evidence or testimony was offered at the hearing by either party. At the conclusion of the hearing, the trial court took the matter under advisement. On March 7, 2023, the trial court signed a judgment, sustaining Ms. Lewis' peremptory exception raising the objection of prescription and dismissing LSU's claim against Ms. Lewis with prejudice. The judgment further denied Ms. Lewis' motion for sanctions.[5] LSU subsequently appealed the judgment.

## APPLICABLE LAW

The objection of prescription is properly raised through a peremptory exception and must be specially pled. La. C.C.P. art. 927. Prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. Seale & Ross, PLC v. Littleleaf Properties, LLC, 2021-0083 (La. App. 1 Cir. 10/4/21), 2021 WL 4520217, at *2 (unpublished). Ordinarily, the party pleading the exception of prescription bears the burden of proving the claim

---

[4] Louisiana Code of Evidence article 1001(1) states:

> **Writings and recordings.** "Writings" and "recordings" consist of letters, words, numbers, sounds, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.

[5] We note that the motion for sanctions is not at issue in this appeal.

4

has prescribed. However, when the face of the petition reveals that the plaintiff's claim has prescribed, the burden shifts to the plaintiff to show why the claim has not prescribed. Hogg v. Chevron USA, Inc., 2009-2632, 2009-2635 (La. 7/6/10), 45 So.3d 991, 998. When, as in this case, no evidence is introduced at the hearing to support or controvert the exception of prescription, the exception must be decided upon facts alleged in the petition with all allegations accepted as true. Harris v. Breaud, 2017-0421 (La. App. 1 Cir. 2/27/18), 243 So.3d 572, 578. If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. Harris, 243 So.3d at 578-579.

## DISCUSSION

The parties disagree over the prescription statutes applicable to this case and how to interpret them. LSU asserts that the thirty-year prescriptive period in La. R.S. 9:5701 is the proper prescriptive period in this case rather than the three-year prescriptive period provided in La. C.C. art. 3494. In cases involving statutory interpretation, the fundamental question is legislative intent and the ascertainment of the reason or reasons that prompted the legislature to enact the law. Law Industries, LLC v. Board of Supervisors of Louisiana State University, 2018-1756 (La. App. 1 Cir. 3/2/20), 300 So.3d 21, 27, writ denied, 2020-00745 (La. 10/6/20), 302 So.3d 515. The rules of statutory construction are designed to ascertain and enforce the intent of the legislature. Id.

The starting point for the interpretation of any statute is the language of the statute itself. Dejoie v. Medley, 2008-2223 (La. 5/5/09), 9 So.3d 826, 829. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9; Conerly v. State,

5

97-0871 (La. 7/8/98), 714 So.2d 709, 710. Therefore, in construing a statute, an appellate court is bound to consider all parts together, giving effect to all parts, if possible, not construing as surplusage any sentence, clause, or word, if a construction can be legitimately found which will give meaning to and preserve all words of the statute. Louisiana Oil & Gas Ass'n, Inc. v. Caldwell, 2015-0889 (La. App. 1 Cir. 2/18/16), 2016 WL 687144, at *4 (unpublished). Louisiana Civil Code article 3494 states, in pertinent part:

> The following actions are subject to a liberative prescription of three years:
>
> (1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;
>
> ****
>
> (4) An action on an open account[.]

In 2018, La. C.C. art. 3494 was amended when the legislature removed "tuition fees" from La. C.C. art. 3494(1). See 2018 La. Acts. No. 471, § 1 (eff. Aug. 1, 2018).

Louisiana Revised Statutes 9:5701 states:

> A. Except as provided in Subsection B of this Section, actions for debts including student loans, stipends, or benefits due to any charitable or educational institution in the state or to any fund bequeathed for charitable or educational purposes, or educational obligations owed to the state or its agencies, other than obligations created under the Federal Family Education Loan Program, are prescribed by thirty years, provided the debt is evidenced in writing.
>
> B. Actions for debts, due to public institutions of higher education in this state, other than student loans, stipends, or benefits are prescribed by ten years, provided the debt is evidenced in writing.

Pursuant to the general rules of statutory construction, where two or more statutes deal with the same subject matter, the statute more specifically directed to the matter at issue must prevail over a statute more general in character if they

6

cannot be reconciled. <u>Pumphrey v. City of New Orleans</u>, 2005-0979 (La. 4/4/06), 925 So.2d 1202, 1210. Pursuant to the rules of statutory interpretation, La. R.S. 9:5701(A) applies to this case because it is the more specific statute rather than the general statute, La. C.C. art. 3494. <u>See</u> <u>Burge v. State</u>, 2010-2229 (La. 2/11/11), 54 So.3d 1110, 1113 (*per curiam*).

In this case, Ms. Lewis, as the exceptor, has the initial burden of proving that her claim has not prescribed on the face of the petition. Since no evidence was introduced to support or controvert Ms. Lewis' peremptory exception raising the objection of prescription, the exception must be decided upon facts alleged in the petition with all allegations accepted as true, and this court must determine if the trial court was legally correct in applying La. C.C. art. 3494 rather than La. R.S. 9:5701(A) to the facts of this case.

In its petition, LSU asserts that Ms. Lewis has a debt for an educational obligation due to an educational institution in the state of Louisiana. The petition further provides that this debt was incurred in 2012 and 2013, and LSU filed its petition on an open account in 2022. LSU attached to its petition an itemized invoice and affidavit showing that Ms. Lewis was indebted to LSU in the amount of $7,662.80. Accepting these allegations as true, LSU asserts that its petition is not prescribed on its face, as the facts show that LSU filed its petition within the thirty-year prescriptive period as mandated by La. R.S. 9:5701(A).

Although Ms. Lewis agrees that La. R.S. 9:5701(A) is the more specific statute providing a prescriptive period for educational institutions, she argues that the statute has a writing requirement that requires the obligation to be either an authentic act or an act under private signature. Specifically, Ms. Lewis argues that "evidenced in writing" as stated in La. R.S. 9:5701(A) "demonstrates the legislature's intent that educational obligations to be in authentic

7

act or act under private signature for the [thirty-year] prescriptive period to apply."

In support of her argument, Ms. Lewis relies on the Johnson case, wherein the Third Circuit held that:

> Louisiana law does not require an open account to be in written form. However, La. R.S. 9:5701 expressly states the debt must be evidenced in writing. Thus, for purposes of applying the longer prescriptive period, written form is required by law to prove the obligation, and the writing must take the form of either an authentic act or act under private signature. Johnson, 318 So.3d at 299.

After reviewing the record, we find that the Johnson case is inconsistent with Louisiana jurisprudence that does not require an open account to be in written form. We agree with the statutory interpretation by Judge Fitzgerald in his dissent in Johnson that:

> An open account is not a particular type of contract that is required by law to be in writing. ... The statutory language in question— "provided the debt is evidenced in writing"—requires written proof of the debt; the debt is the balance on the open account. The documents attached to LSU's petition constitute written proof of that debt. ... But the interpretation given [in Johnson], requiring the open account itself to be in written form ... renders the prescriptive statute meaningless for future actions on open accounts. Johnson, 318 So.3d at 305 (Fitzgerald, J., dissenting in part).

We find that the debt due on the open account is the remaining balance owed by Ms. Lewis in the sum of $7,662.80. LSU evidenced the debt due with the itemized invoice showing the billing statement for Ms. Lewis and the affidavit it attached to its petition verifying the debt owed by Ms. Lewis in accordance with La. R.S. 9:5701(A). Louisiana courts have held that in a suit on open account, it is of crucial importance that an itemized statement of the account, showing all the debits and all the credits which produce the balance due, be produced. Capital One Bank (USA) NA v. Young, 2015-70 (La. App. 5 Cir. 9/23/15), 176 So.3d 695, 697. Only in this way is the sum due on account mathematically documented. Id. Thus, we find that the evidence submitted by LSU satisfies the writing requirement of

La. R.S. 9:5701(A) and establishes a *prima facie* showing that LSU is entitled to the amount sought.

Accordingly, we find that the trial court's ruling was not legally correct in finding that LSU's claim was prescribed and dismissing its claim with prejudice. We find that on the face of LSU's petition, it alleged sufficient facts and dates showing that its claim fell within the thirty-year prescriptive period provided in La. R.S. 9:5701(A). Ms. Lewis offered no evidence, testimony, or documents to prove that the thirty-year prescriptive period under La. R.S. 9:5701(A) did not apply to this case. Therefore, we find that the trial court incorrectly found that LSU did not satisfy the writing requirement of La. R.S. 9:5701(A), as the record clearly shows that LSU provided the proper documentary evidence showing the debt incurred by Ms. Lewis. Therefore, we reverse the trial court's judgment and remand for further proceedings.

**CONCLUSION**

The March 7, 2023 judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion. All costs of this appeal are assessed to the appellee, Jasmine L. Lewis.

**REVERSED AND REMANDED.**