TRI COUNTY TREE SERVICE, LLC

VERSUS

KEVIN MATHERNE

NO. 24-CA-257

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 92,310, DIVISION "E"
HONORABLE LAUREN D. ROGERS, JUDGE PRESIDING


January 29, 2025


**MARC E. JOHNSON**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Stephen J. Windhorst


**REVERSED AND REMANDED**
    **MEJ**
    **FHW**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Waquin
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
KEVIN MATHERNE
    Joseph B. Rochelle

COUNSEL FOR PLAINTIFF/APPELLEE,
TRI COUNTY TREE SERVICE, LLC
    K. Todd Wallace
    Stacey A. LaGraize
    Mary A. Engeron

**JOHNSON, J.**

Appellant, Kevin Matherne, seeks review of the 29th Judicial District Court's February 27, 2024 and April 1, 2024 default judgments against him for $12,010, together with legal interest, attorney's fees and all costs in favor of Appellee, Tri County Tree Service, LLC. For the following reasons, we vacate the district court's amended judgment, reverse the original judgment, and remand the matter for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On June 6, 2023, Tri County Tree Service, LLC ("Tri County"), Appellee filed a petition demanding payment of $12,010.00 from Mr. Matherne, and pleading theories of open account, breach of contract, fraud, theft, and unjust enrichment. The petition alleges that on or about September 10, 2021, appellant, Kevin Matherne, entered into a contract with Tri County to perform extensive emergency tree service work in the aftermath of Hurricane Ida. It asserts that Tri County fully performed the work under the contract and submitted an invoice in the amount of $12,010 to Mr. Matherne, but he has failed to make any payment. The petition further provides that, upon information and belief, Mr. Matherne received $7,610 from his insurer, but he did not remit this money to Tri County.[1] Attached to the petition was an invoice dated September 10, 2021, for work performed at 623 6th Street in Norco, LA, and a demand letter addressed to Mr. Matherne, dated July 5, 2022. The demand letter stated,

> [a]s a condition of the work performed by Tri County, you also agreed
> to the following:

---

[1] On appeal, Mr. Matherne contends that in September of 2021, after Hurricane Ida, he received a call from a representative of Tri County who requested permission to enter Mr. Matherne's backyard to cut up and dispose of a fallen tree that was originally on his neighbor's side of the fence line. Mr. Matherne states that he had not returned from the mandatory evacuation when he received the call from Tri County and believed that it was his neighbor's responsibility to have the tree removed. Mr. Matherne asserts he gave Tri County permission to access his property. He assumed that his neighbor, the tree's owner, would pay the removal and disposal fees. According to Mr. Matherne, he did not discuss the cost of Tri County's services, or who would be responsible for payment.

> Customer agrees to pay Tri County LLC upon receipt of settlement proceeds. Above client gives Tri County authorization to speak to insurance company on their behalf in order to facilitate the settlement of the insurance company in states where assignment of benefits are allowed.

Tri County sent Mr. Matherne another letter dated October 13, 2023 advising him that it intended to obtain a default judgment against him. It then filed its first Motion for Default Judgment and Incorporated Memorandum in Support and Affidavit of Correctness of Account and Compliance with La. C.C.P. art 1702 in the 29th Judicial District Court on November 2, 2023. Attached as exhibits to the motion, proposed judgment, and affidavit were the September 2021 invoice and an October 13, 2023 letter informing Mr. Matherne of Tri County's intent to obtain a default judgment against him.

The district court denied the motion on November 6, 2023, and wrote across the proposed judgment, "Failure to comply with Servicemembers Civil Relief Act."

Tri County filed a second motion for default judgment via fax filing on February 22, 2024. This time, Tri County also included as an exhibit a Non-Military Affidavit confirming that Mr. Matherne was not a member of the United States Armed Services. On February 27, 2024, the district court entered a final default judgment in its favor. The caption listed Mr. Matherne as the defendant, but the body of the judgment read:

> IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein against defendants, **Raul and Amanda Carbajal**, in the full and proper sum of TWELVE THOUSAND TEN ($12,010) DOLLARS, with legal interest thereon from the date of judicial demand until finally paid, together with attorney's fees and all costs associated with these proceedings, subject to a credit of $0.00.

(Emphasis added).

On March 8, 2024, Mr. Matherne answered the petition, entered a general denial, and asked that Tri County's claims against him be dismissed with prejudice at its costs.

On March 21, 2024, Tri County fax-filed a Motion to Amend Default Judgment, along with a proposed order and proposed default judgment, requesting that the "typographical error" contained in the earlier default judgment be corrected to cast judgment against "Kevin Matherne" (instead of "Raul and Amanda Carbajal").

Although Mr. Matherne had filed an answer in proper person on March 8, 2024, before Tri County filed its Motion to Amend Default Judgment, the proposed judgment (unlike the February 27, 2024 judgment) was stamped and signed on March 27, 2024 "THIS IS TO CERTIFY THAT NO ANSWER OR REPSONSE HAS BEEN FILED BY THE DEFENDANT(S)".  The district court entered an order granting Tri County's Motion to Amend Default Judgment on March 27, 2024, without first holding a contradictory hearing. On April 1, 2024, the court granted an amended default judgment in favor of Tri County and against Mr. Matherne, for $12,010, plus interest, attorney fees, and costs.

This timely appeal of both judgments followed.

### ASSIGNMENTS OF ERROR

1. The trial court erred in granting default judgments in Tri County's favor because competent, admissible evidence demonstrating a *prima facie* case was not submitted in connection with either [of] the trial court's judgments.

2. The trial court erred in granting a default judgment in favor of Tri County because Tri County only submitted an affidavit executed by its attorney instead of somebody with personal knowledge of any facts.

3. The trial court erred in awarding Tri County any money, including for attorney's fees, because Tri County did not prove that money was due, did not prove either a contractual basis for attorney's fees or an open account, and further, failed to submit the demand certification required by Louisiana Code of Civil Procedure Article 1702.1.

4. The trial court erred in entering an order granting Tri County's motion to amend its first default judgment and in granting a second default judgment because this judgment changed the name of the party cast in judgment without a hearing or notice to the appellant after he already answered.

On appeal, Mr. Matherne argues that Tri County failed to provide proper evidence of a contract, the existence of an open account, or his indebtedness. He notes that Tri County's pleadings only state that the customer agreed to pay the invoice upon receipt of settlement proceeds, and Tri County submitted no proof of receipt of such proceeds. Without the existence of a past due balance, there cannot be an open account, he avers.

Further, Mr. Matherne alleges the trial court erred by awarding attorney fees to Tri County, because Tri County has failed to certify the number of days required by La. R.S. 9:2781(A) or 9:2782(A) had elapsed since demand was made on Mr. Matherne. Last, he maintains that the trial court erred when it amended the default judgment and changed the party cast in judgment without first conducting timely contradictory proceedings.

Tri County counters that it presented documentation sufficient to prove a *prima facie* case as required by La. C.C.P. art. 1702. Further, it argues that neither its failure to attach the invoice to the affidavit of correctness, as opposed to its petition and motion for default judgment, nor its failure to include a certificate of demand, are fatal to confirmation of a default judgment. Further, it avers that the affidavit of correctness establishes both the existence and validity of the demand for a sum due on the open account. Last, Tri County argues that its motion to amend the default judgment effectuated a correction of a typographical error, and not a substantive change.

### LAW AND DISCUSSION

Generally, an appellate court's review of a default judgment is governed by the manifest error standard of review. *ASI Fed. Credit Union v. Leotran Armored*

*Sec., LLC*, 18-341 (La. App. 5 Cir. 11/7/18), 259 So.3d 1141, 1147-48, *citing Arias v. Stolthaven New Orleans, LLC*, 08-1111 (La. 5/5/09), 9 So.3d 815, 818. However, when the court of appeal "finds that a reversible legal error or manifest error of material fact was made in the trial court, it is required to redetermine the facts *de novo* from the entire record and render a judgment on the merits." *Id.* Although a presumption exists that the record supports a default judgment, the presumption does not exist when the record upon which the judgment is rendered indicates otherwise. *Id.*

### *The April 1, 2024 Amended Default Judgment*

Upon review of the record, we find that the district court committed reversible error when it granted Tri County's Motion to Amend Default Judgment. La. C.C.P. art. 1951 limits the amendment of judgments to the correction of errors in calculation and alteration of phraseology, but does not authorize a trial court to make substantive amendments to final judgments. *Bourgeois v. Kost*, 02-2785 (La. 5/20/03), 846 So.2d 692, 696. The substance of a judgment can be altered only by a timely motion for new trial, nullity action, or appeal. *Mercato Elisio, L.L.C. v. City of New Orleans*, 22-228 (La. App. 4 Cir. 12/21/22), 356 So.3d 505, 510.

"[C]hanging the name of a party cast in judgment is a substantive change prohibited by Code of Civil Procedure article 1951." *Safeguard Storage Properties, L.L.C.*, 10-673 (La. App. 4 Cir. 3/31/11), 60 So.3d 110, 117, *reh'g denied*, 10-855 (La. App. 4 Cir. 5/9/11). Recently, the fourth circuit pointed out that "most jurisprudence holds that changing the name of the party cast in judgment is an alteration of substance." *Washington v. Taylor*, 21-80 (La. App. 4 Cir. 1/26/22), 334 So.3d 1060, 1070. "La. C.C.P. art. 1951 does not permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial judge's actual intention. The trial court's written judgment is

controlling, even if the trial judge may have intended otherwise." *Mercato Elisio, L.L.C.*, *supra.*

"Courts have also uniformly held substantive amendments to judgments made without recourse to the proper procedures, *i.e.,* by way of a timely motion for a new trial or by appeal, to be absolute nullities." *Bourgeois*, 846 So.2d at 696. When the appellate court finds an improper substantive amendment has been made to a final judgment, the usual remedy is to set aside and annul the amending judgment and to reinstate the original judgment. *Mercato Elisio, L.L.C.*, 356 So.3d at 511.

Because the first default judgment, dated February 27, 2024, indicated it was against "Raul and Amanda Carbajal," the April 1, 2024 amended default judgment casting Kevin Matherne in judgment contains an impermissible, substantive change, in violation of La. C.C.P. art. 1951. Based on the foregoing, we find the April 1, 2024 amended default judgment is null and void, and we hereby set it aside.

### The February 27, 2024 Original Default Judgment

Generally, when an amended judgment is annulled, the original judgment is reinstated. However, in this case, Mr. Matherne challenges the validity of the February 27, 2024 original default judgment as well. He argues that Tri County did not submit competent, admissible evidence demonstrating a *prima facie* case that it is entitled to judgment in its favor. We agree.

> To obtain a default judgment, a plaintiff must establish the elements of a prima facie case with competent evidence as fully as though each of the allegations in the petition were denied by the defendant. *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254 (La. 1993). "A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim." *Id.* at 1258. "[I]n order to establish both the existence and the validity of a demand for a sum due on an open account, it is necessary for a plaintiff to present evidence of the account itself and an affidavit, or testimony, attesting to its correctness." *Id.* The existence of the claim is supported by a statement of the account or invoices while the validity is supported by

the affidavit of correctness. *Id.*

*Discover Bank v. Hennigan*, 24-202 (La. App. 3 Cir. 11/20/24), -- So.3d --, 2024 WL 4830866, at *2.

In the present case, the record shows that Tri County did not provide sufficient *prima facie* proof of the existence of the open account or its demand in order to obtain an otherwise valid default judgment against a defendant under La. C.C.P. art. 1702.

La. C.C.P. art. 1702 provides, in pertinent part:

A. (1) If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default judgment in favor of the plaintiff may be rendered, provided that notice that the plaintiff intends to obtain a default judgment is sent if required by this Paragraph, unless such notice is waived. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence.

[. . .]

B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto that contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering a default judgment.

[. . .]

(3) When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.

C. In those proceedings in which the sum due is on an open account [. . .], a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed default judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the proposed default judgment or direct that a hearing be held. The clerk of court shall

certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the default judgment. A certified copy of the signed default judgment shall be sent to the plaintiff by the clerk of court, and notice of the signing of the default judgment shall be given as provided in Article 1913.

An affidavit attesting to the correctness of the evidence should be provided by someone personally familiar with the account. *Chassis Inc. v. FDJ Trucking LLC*, 55,404 (La. App. 2 Cir. 1/10/24), 378 So.3d 930, 935. An affidavit of correctness eliminates the necessity of taking testimony in order to establish the validity of the account. *Capital One Bank (USA) NA v. Young*, 15-70 (La. App. 5 Cir. 9/23/15), 176 So.3d 695, 697.

In *CAG, LLC v. Watson*, 20-0325 (La. App. 4 Cir. 1/6/21), 312 So.3d 1109, 1116-17, the fourth circuit found that the plaintiff failed to produce relevant and competent evidence that established a *prima facie* case to support its "petition on an open account" against the defendants, because the plaintiff was unable to prove the existence of a contractual relationship with the defendants. Further, the court found that the petition contained no allegation that the plaintiff entered into a contractual relationship with the defendants. *Id.* at 1117.

Here, there is a similar issue. Tri County claims to have entered into a contractual relationship with Mr. Matherne, but has offered no evidence to support its claim that a contractual relationship existed between the two parties. Attached to its motion for default judgment were the following exhibits:

- An Affidavit of Correctness of Account, Non-Military Service and Compliance with La. C.C.P. art. 1702, signed by Tri County's counsel.
- A Non-Military Affidavit where counsel attested that she confirmed that Mr. Matherne was not a member of the U.S. Armed Services.
- A letter sent on the letterhead from the law firm representing Tri County addressed to Mr. Matherne. The letter stated it was sent "Via Certified Mail / Return Receipt Requested" and advised Mr. Matherne that Tri County intended to obtain a default judgment against him.

Attached to the petition were two exhibits: a letter sent on the letterhead from the law firm representing Tri County addressed to Mr. Matherne. The letter, captioned "FORMAL DEMAND OF DEFAULT AND FOR PAYMENT," stated it was sent "Via Certified U.S. Mail / Return Receipt Requested"; and an invoice on Tri County letterhead, which listed under "Bill To:" Mr. Matherne's name, address, and phone number. The invoice was dated September 10, 2021, and that same date was listed as the date the invoice was due. The invoice was itemized and there were line items covering labor, materials and equipment. The invoice totaled $12,010.00.

Mr. Matherne generally denied the allegations contained in the petition, after the February 27, 2024 default judgment was rendered, and, on appeal, he denies having entered into a contract with Tri County. In the affidavit of correctness attached to the motion for default judgment filed on February 21, 2024 and granted by the 29th Judicial District Court six days later, Tri County's counsel attests to the fact that Mr. Matherne was invoiced for $12,010.00 for services, that she verified that Mr. Matherne was not a member of the United States Military, and he had not answered the petition as of that date. She did not attest to the existence of a contract between Tri County and Mr. Matherne. From the record, it is clear that counsel was involved in attempts over the past few years to get Mr. Matherne to pay the subject invoice, but the invoice alone is not competent proof that an open account exists. The invoice itself is not proof of a contractual relationship between Mr. Matherne and Tri County. Further, the record does not indicate that counsel had personal knowledge of any agreement made with Mr. Matherne, or the work Tri County performed on his property. Because Tri County did not submit proof of a contract between the parties, or an affidavit from a person with personal knowledge of the contractual relationship that gave rise to the alleged debt, Tri

County could not obtain a final default judgment against Mr. Matherne on an "open account" without a prior hearing. *See CAG, LLC*, 312 So.3d at 1116-17.

To sum, the amended judgment is an absolute nullity because changing the name of the defendant constitutes an impermissible substantive change under La. C.C.P. art. 1951. Also, Tri County did not offer sufficient evidence to prove its *prima facie* case to collect on an open account. Therefore, a hearing was required before the district court could render a valid final default judgment against Mr. Matherne.

## *DECREE*

Considering the foregoing, the amended judgment of April 1, 2024 is set aside as an absolute nullity, and the February 27, 2024 judgment of the district court that granted a final default judgment in favor of Tri County is vacated. The matter is remanded for further proceedings.

**REVERSED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 29, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-257

### E-NOTIFIED
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE LAUREN D. ROGERS (DISTRICT JUDGE)
JOSEPH B. ROCHELLE (APPELLANT)          MARY A. ENGERON (APPELLEE)

### MAILED
K. TODD WALLACE (APPELLEE)
STACEY A. LAGRAIZE (APPELLEE)
ATTORNEYS AT LAW
5190 CANAL BOULEVARD
SUITE 102
NEW ORLEANS, LA 70124